[Crim. No. 251.    Department Two.—May 25, 1897.]

## THE PEOPLE, RESPONDENT, *v.* JOHN LUNDIN, APPELLANT.

CRIMINAL LAW—FORGERY OF CHECK—VERDICT AGAINST EVIDENCE—FAILURE TO PROVE ABSENCE OF AUTHORITY.—Upon the trial of a defendant accused of the forgery of a check, by signing the name of another thereto, the prosecution must prove that the defendant was not authorized to sign such name, and until this proof is made, it is not shown to be a false instrument, and the defendant is not put to his proof at all; and where a verdict of conviction is found, in the absence of such proof, it will be set aside as unwarranted by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial, and from an order denying a motion in arrest of judgment. EDWARD A. BELCHER, Judge.

The facts are stated in the opinion.

*Charles G. Nagle*, for Appellant.

It was incumbent on the prosecution to prove want of

authority to sign the check. (*People* v. *Bendit*, 111 Cal. 280; 52 Am. St. Rep. 186; *People* v. *Mitchell*, 92 Cal. 590; *Waterman* v. *People*, 67 Ill. 91; *State* v. *Thompson*, 19 Iowa, 299; *People* v. *Whiteman*, 114 Cal. 338.) If the check was fictitious, it was not a case of forgery. (*People* v. *Elliott*, 90 Cal. 586, 587.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

The evidence of Johnson tended to show want of authority by implication, as he testified that he had nothing to do with the defendant, and it was a question for the jury, who are the sole judges of the facts in such a case. (*People* v. *Strong*, 30 Cal. 151, 158; *People* v. *Estrada*, 53 Cal. 600; *People* v. *Manning*, 48 Cal. 335; *People* v. *Freeman*, 92 Cal. 359; *People* v. *Ah Jake*, 91 Cal. 98–101; *People* v. *Wong Chong Suey*, 110 Cal. 117; *People* v. *Ross*, 115 Cal. 233, 237.)

SEARLS, C.—Defendant was charged by information with the crime of forgery, alleged to have been committed at the city and county of San Francisco, on or about December 18, 1895. To the information defendant pleaded: 1. Not guilty; 2. Once in jeopardy; 3. Former acquittal.

Upon the trial the defendant was found guilty as charged. The jury also found for the "people on former pleas" of once in jeopardy and former acquittal.

Thereupon judgment was entered that defendant be punished by imprisonment in the state prison of the state of California at San Quentin for the term of four years.

Defendant appeals from the judgment, from an order denying his motion for arrest of judgment, and from an order denying his motion for a new trial.

The determination of a single question is conclusive of the appeal. The defendant was charged with the forgery and uttering as genuine a certain check or instrument in writing, of which the following is a copy:

"No. 1245.          San Francisco, Dec. 16, '95.
Pacific Coast Savings Society of San Francisco, Cal:

"Pay to John Nelson, or bearer ($600), six hundred dollars.

Clearing House No. 14.          John F. Johnson."
[Indorsed]: "John Nelson."

At the trial there was evidence tending to show that about 7 o'clock p. m. of December 18, 1895, the defendant, John Lundin, who passed under the name of Thompson, in company with one Albrecht and a man named Nelson, who professed to be the indorser and payee of the foregoing check, called at the saloon and lunch-house of Emma Schoenemann (now Dorn) on Spear street, San Francisco, where they negotiated and agreed to purchase, for and in the name of Nelson, from Mrs. Dorn, a one-half interest in her saloon for four hundred dollars, from which sum Mrs. Dorn was to pay Albrecht a commission of sixty dollars, and also a couple of dollars to defendant for his trouble.

Defendant produced and passed to Nelson a check of which the foregoing is a copy, and the latter gave it to Mrs. Dorn. Upon her inquiry the parties all declared the check was good. It being late, Mrs. Dorn declined to make a bill of sale of the property until the check could be cashed the next morning.

Mrs. Dorn then gave Nelson a receipt for the check, and it was agreed that he would come the next morning, go with Mrs Dorn to the bank, where they would get the cash on the check for six hundred dollars, whereupon Nelson would receive the two hundred dollars in excess of the purchase price of one-half of the saloon, the other parties would receive their commissions, etc.

After this was arranged, Albrecht wanted Mrs. Dorn to pay him his commission, which she refused until the check was cashed. He, or some of them, then sought to obtain forty dollars, twenty dollars, and finally ten dollars, but Mrs. Dorn was suspicious and re-

fused to pay anything. Nelson did not appear the next morning, and has not since appeared.

Payment of the check was refused at the bank, no such person as the drawer having any funds there.

There was testimony tending to show that the name "John F. Johnson" signed to the check, and the name "John Nelson" indorsed thereon, were both in the handwriting of defendant.

Two witnesses named John F. Johnson were called by the prosecution. The first knew nothing of the defendant. The second testified that he had known defendant some seven or eight years; that he (said Johnson) did not sign the check; that the signature was not his handwriting, and that he had no account at the bank upon which it was drawn.

No question was asked and no testimony introduced tending to show whether or not defendant was authorized to sign the name of "John F. Johnson" to the check.

Under the previous rulings of this court we are compelled to say the evidence was insufficient to warrant a conviction.

In *People* v. *Whiteman,* 114 Cal. 338, a case involving a like question, the court, speaking through Temple, J., said: "There was no evidence that the persons by whom the checks purported to be drawn were real persons, and none that if they were real persons, defendant was not authorized to use their names. . . . . To prove that an accused person signed the name of another to an instrument, and that he passed such instrument as genuine, does not prove the commission of a crime. It must still be shown that it was a false instrument, and this is not proven until it is shown that the person who signed another's name did so without authority. Until this proof is made it is not shown to be a false instrument, and the defendant is not put to his proof at all." *People* v. *Mitchell,* 92 Cal. 590, is to like effect.

There was some evidence in the case at bar from which the jury might have inferred that the second

John F. Johnson, called as a witness, was the person whose name was intended to be signed to the check, but there is no evidence whatever that defendant was not authorized to sign the same.

The instructions of the court contained a clear exposition of the law as enunciated in *People* v. *Whiteman*, *supra*, but the jury failed to be governed by those instructions in the rendition of their verdict.

We recommend that the judgment and order denying a new trial be reversed, and a new trial ordered.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed, and a new trial ordered.

McFARLAND, J., TEMPLE, J., HENSHAW, J.