## THE STATE OF KANSAS v. HENRY SWAN.

### No. 11333.

1. COUNTY ATTORNEY—*Not Necessarily a Member of the Bar.* The office of county attorney may be held and the prescribed duties thereof performed by a lawyer whose license to practice has been revoked or by a person who has never been admitted to the bar.

2. FORGERY—*Proof that Signature was Unauthorized is Necessary.* Where it is shown that the defendant signed the name of another to a bank check which was cashed by the prosecuting witness, before a conviction can be had of the crime of forgery in the second degree under paragraph 2257 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 100, § 143), it devolves upon the state to prove that the accused signed the same without authority from the person whose name he used.

Appeal from Saline district court; R. F. THOMPSON, judge. Opinion filed April 8, 1899. Reversed.

*A. A. Godard,* attorney-general, and *W. A. Norris,* county attorney, for The State.

*Burch & Burch,* for the appellant.

The opinion of the court was delivered by

SMITH, J.: The appellant, Henry Swan, was convicted of forgery in the second degree. His motion to quash the information was overruled, and a demurrer sustained to his plea in abatement of the action. A verdict of guilty was returned as to each of the two counts of the information. The court below granted a new trial on the first count, and sentenced the defendant under the second. The conviction was had under paragraph 2257 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 100, § 143). The second count charges:

"That on or about the 17th day of June, 1898, in said county and state, the defendant, Henry Swan, a

certain false, forged and counterfeit check, purporting to be drawn by one R. H. Jordan on the Farmers' National Bank, a banking corporation organized under the laws of the United States of America, which said false, forged and counterfeit check is as follows : 'No. 3. To the Farmers' National Bank, of Salina, Kansas. Salina, Kansas, 17th June, 1898. Pay to order of H. Swan $12.00 twelve dollars. R. H. Jordan. (Indorsed) H. Swan,' feloniously did sell, deliver, pass, utter, and publish as true, to one William Hogben, for the consideration and sum of twelve dollars, with the intent, him, the said William Hogben, then and there and thereby to injure and defraud, he, the said Henry Swan, then and there well knowing the said check to be false, forged, and counterfeit.''

The information sufficiently shows that the defendant had the false check in his possession. It alleges a delivery of the same by him to William Hogben, the person defrauded. The statute requires that the instrument "be passed, uttered, sold, or exchanged, with intent to defraud." This charge was made with sufficient certainty.

This information was filed on November 22, 1898, duly verified by W. A. Norris, the county attorney of Saline county. Before this, on September 16, 1898, Norris had, by the judgment of the district court, been disbarred from practicing and his license as an attorney at law revoked. The competency of the county attorney to file the information was challenged in the court below. It is urged by the appellant that the disbarment of Norris disqualified him from practicing in the district court as the representative of the state, and that the power given by statute to the district court to revoke or suspend the license of an attorney or counselor at law to practice therein, and its exercise by that tribunal, deprived him of authority to file a pleading in a criminal case,

such as an information. The statute does not require that a person be admitted to the bar or have a license to practice before he is eligible to the office of county attorney. ( *The State v. Smith,* 50 Kan. 69, 31 Pac. 784.) In case of a vacancy in the office, the judge of the district court is authorized to appoint a county attorney, but is not restricted in his selection to an attorney at law. The learned counsel for the appellant contends (and in this he is fortified with much authority) that the right to a license to practice law in the courts is conferred by judicial and not by legislative authority. No denial of this doctrine is necessary to a decision of this case. The legislature has power to prescribe the qualifications requisite to admission to the bar, but it has no power to provide that persons possessing them must be admitted to practice. Whether the prescribed qualifications exist or not is a judicial question. ( 1 A. & E. Encycl. of L. 944.)

The revocation of the license of Norris and his disbarment place him in the same status as if he had never at any time been admitted to practice. The cause of his disbarment is not a material consideration. After it he was no longer an officer of the court, but he was still an officer of the county. It cannot be held that he ceased to be county attorney. A different question would be presented if the statute required that the county attorney be an attorney at law. In that case his right to exercise official duties would by law depend upon his continued relation to the court as one of its officers.

The statute provides that the office of county attorney, as well as any other county office, shall become vacant on the happening of either of the following events: (1) Death of the incumbent; (2) his resignation; (3) his removal; (4) ceasing to be an in-

habitant of the county from which he was elected or appointed ; (5) his conviction of an infamous crime or any offense involving a violation of his official oath ; (6) his refusal or neglect to take his oath of office or renew his official bond, or to deposit such oath and bond within the time prescribed by law ; (7) the decision of a competent tribunal declaring void his election or appointment. ( Gen. Stat. 1897, ch. 27, § 166 ; Gen. Stat. 1889, ¶ 1884.) An attorney at law may be suspended from practice and his license revoked for the following causes : (1) When he has been convicted of a felony or of a misdemeanor involving moral turpitude, in either of which cases the record of conviction is sufficient evidence ; (2) when he is guilty of a wilful disobedience or violation of the order of the court, requiring him to do or forbear an act connected with or in the course of his profession ; (3) neglecting or refusing on demand to pay over money in his hands due or belonging to a client ; (4) destroying, secreting, fraudulently withdrawing, mutilating or altering any paper or record belonging to the files or records in any action or proceeding ; (5) the wilful violation of any of the duties of an attorney or counselor. ( Gen. Stat. 1897, ch. 90, § 13 ; Gen. Stat. 1889, ¶ 398.) Again : "An attorney or counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge, or party to an action or proceeding, or brings suit or commences proceedings without authority therefor, is liable to be disbarred and shall forfeit to the injured party treble damages, to be recovered in a civil action." (Gen. Stat. 1897, ch. 90, § 11 ; Gen. Stat. 1889, ¶ 393.)

If a layman with none of the qualifications required by statute for admission to the bar be elected to the office of county attorney (as he may be in this state),

we think he may hold the office and perform its duties, which are defined by statute as follows :

"It shall be the duty of the county attorney to appear in the several courts of their respective counties, and prosecute or defend, on behalf of the people, all suits, applications, or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested." (Gen. Stat. 1897, ch. 89, § 2 ; Gen. Stat. 1889, ¶ 1796.)

The preceding section of the statute provides that "a county attorney shall be elected in each county organized for judicial purposes, who shall hold his office for the term of two years," etc. A county attorney who has been an attorney at law but whose license to practice has been revoked, or a person elected to that office who has never been admitted to the bar, acts in the capacity of agent for the state in discharging his official duties which are prescribed by law. The disbarment of a lawyer who at the time holds the office of county attorney does not revoke his agency as the servant of the state. This can only be done by his removal from office for the reasons prescribed by statute above set forth. The disbarment does not depose him from office. In this case Norris was recognized by the court as the representative of the state, and it is difficult to see how the defendant could have been prejudiced by his prosecution of the case—much less had the prosecution been conducted by a person who had no legal attainments whatever.

The claim that there was no evidence of the incorporation of the Farmers' National Bank at the time the offense charged is alleged to have been committed is not tenable. John F. Merrill testified that he was vice-president of and was in said bank in 1898, and that at the time of the trial it was a corporation.

30—60 KAN.

The court refused the following instruction asked by the appellant :

"In case you find from the evidence, beyond a reasonable doubt, that the name of R. H. Jordan is signed to the check introduced in evidence, you must further find from the evidence, beyond a reasonable doubt, that said name was signed without authority from said R. H. Jordan so to do, before you can find the defendant guilty."

This instruction should have been given. There was evidence showing that the appellant signed the name of R. H. Jordan to the check in question. It is presumed where one person signs the name of another to an instrument that he does so with authority. There was evidence that the appellant and R. H. Jordan were seen together on the 17th day of June, the date of the check. If the appellant had authority from Jordan to sign his name, the act was not forgery. Under the instructions given by the court to the jury there was a failure to inform them of the nature of the offense of forgery in the second degree. The instruction relating to the second count of the information merely stated that if the jury found the facts stated in that count to be true, the appellant was guilty of forgery in the second degree. The burden of proof was upon the state to show that the check was signed by the appellant without authority from Jordan. (*Romans v. The State*, 51 Ohio St. 528, 37 N. E. 1040 ; *The People v. Lundin,* 117 Cal. 124, 48 Pac. 1024 ; *Commonwealth v. Bowman*, 96 Ky. 40, 27 S. W. 816.) For the refusal to give this instruction the judgment of the court below is reversed and a new trial ordered.

DOSTER, C. J., concurring.

Felix v. Railway Co.

JOHNSTON, J. (dissenting): On the first point decided, and the one chiefly relied on for reversal, we all agree.

The second objection does not seem to me to be sufficiently material to require a reversal. It is true that the instructions were somewhat meager in respect to the characteristics of the offense of forgery, and the court very properly might have more fully defined it. The information, however, charged that the check was forged and falsely made, and the court instructed the jury that if the facts stated in the information were found to be true the appellant was guilty of forgery. If the court had given a fuller definition of "forgery" the objection would have been obviated, but it appears to me that the word is about as well understood as any of the terms which the court might have employed in defining it. I do not think that the jury was misled to any extent, or that a different result would have been obtained by a definition of the term "forgery."