[S. F. No. 1706.    Department One.—September 15, 1899.]

In the Matter of the Estate of MAREA MARCHALL, Deceased.    JOHN MANLY, Proponent of Will, Appellant, v. JOSEPHINE ROGERS, Contestant, Respondent.

WILL—CONTEST — FORGERY—CONFLICTING   EVIDENCE—APPEAL.— A finding of the court that an alleged olographic will, which was refused admission to probate, upon a contest thereof, was a forgery, based upon conflicting evidence, which appears to preponderate in favor of the finding, cannot be disturbed upon appeal.

ID.—EVIDENCE—TESTIMONY AS TO HANDWRITING—OPINION OF WITNESS—FAMILIARITY WITH SIGNATURE.—One who is proved to be familiar with the signature of the deceased is qualified under the law to give an opinion as to the genuineness of the will.

ID.—USE OF EXEMPLARS—ORDER OF PROOF.—The use of exemplars by the witness which had not, at that time, been directly proved

to be genuine signatures, is not material, if the exemplars were subsequently proved to be genuine by uncontradicted evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to admit a will to probate. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

John H. Durst, and Timothy J. Lyons, for Respondent.

GAROUTTE, J.—This appeal is prosecuted from an order refusing admission to probate of a written instrument claimed by proponent to be the olographic will of Marea Marchall, deceased. The document was rejected probate upon the ground that it was not written by the deceased, and the finding of the trial court to this effect is directly assailed as unsupported in the evidence. Erroneous rulings in the admission of evidence are also relied upon to sustain an order reversing the judgment.

The court found that the will was a forgery, and, under the evidence, we are not authorized in disturbing that finding. The evidence is not only substantially conflicting, but it may be said that it largely preponderates in favor of the finding of the court.

There is no merit in appellant's second contention as to the erroneous admission of evidence. Le Breton, the witness, was qualified under the law to give an opinion as to the genuineness of the document. He was personally familiar with the handwriting of deceased. The fact that he was only familiar with her signature is not material. Again, the mere circumstance that certain exemplars which were submitted to him had not at the time been proven by direct evidence to be the genuine signatures of the deceased amounts to nothing. Subsequently, the fact was established by uncontradicted evidence, and the order in which the proof was placed before the court does not constitute more than technical error, even if it amounted to that. There is no merit whatever in the appeal.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.