[Crim. No. 180.   Second Appellate District.—November 16, 1910.]

## THE   PEOPLE, Respondent, v. GERTRUDE   DRIGGS, Appellant.

CRIMINAL LAW—FORGERY OF LEASE—UTTERING AND PUBLISHING—REC-
ORD—SUPPORT OF VERDICT.—A verdict of guilty of the crime of for-
gery of a lease and the subsequent uttering and publishing thereof
as true is supported, in the absence of evidence for the defense,
by the evidence for the people that the lease was not signed by
the lessor, that the signature thereto was in defendant's handwrit-
ing, that the acknowledgment thereof was fraudulently procured
by defendant, and that it was subsequently uttered and published
by the filing of the forged lease for record in the recorder's office,
at defendant's request and on payment of the requisite fees
therefor.

ID.—SUFFICIENCY OF INFORMATION—SINGLE OFFENSE.—An information
charging the forgery of a lease of a specified date set forth in
the information, and the uttering and publishing thereof as true,
on a subsequent date, sets forth but one single offense under sec-
tion 470 of the Penal Code.

ID.—QUESTION OF LAW NOT RAISED UPON SUFFICIENCY OF EVIDENCE.—
Inasmuch as the evidence appearing in the record tends to support
every material allegation of the information, no question of law
in connection therewith is presented.

Id.—Exemplars of Handwriting by Experts—Order of Proof.—The fact that certain exemplars of the handwriting of the defendant submitted to experts had not theretofore been established as genuine signatures is of no consequence, where their genuineness was subsequently established by uncontradicted testimony. When the court was satisfied that the exemplars were genuine, it was proper to submit the same to the witness or to the jury for comparison.

Id.—Province of Jury as to Comparisons and Opinions of Experts. When the exemplars were in evidence, a comparison thereof may be made by the jury with or without the aid of experts. The weight and effect of the opinions of experts, or the result of comparisons, was a matter for the jury.

Id.—Admission of Photographs of Signatures and Papers—Discretion of Court.—The admission in evidence of photographs of signatures and papers was within the discretion of the court, when no abuse of its discretion appears.

Id.—Comparisons Showing Guilt.—It is held that, after an examination of the exhibits on file in the appellate court, no reasonable doubt can exist as to who wrote the signature upon the lease.

Id.—Evidence of Witnesses Familiar With Signature of Lessor—Improper Cross-examination as Experts.—Where witnesses were admitted, not as experts, but as familiar with the handwriting of the lessor to testify that the signature was not that of the lessor, a cross-examination of such witnesses as to their qualification as experts was properly disallowed.

Id.—Communication by Defendant to Notary not Privileged.—The communication by the defendant to the notary stating that the signature to the lease was the genuine signature of the lessor was not privileged, and was properly admitted in evidence.

Id.—False Statements by Notary — Explanation — Credibility for Jury.—The notary was properly permitted to explain previous false statements made by him, and to give his reason for making them. His credibility was for the jury to determine.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George R. Davis, Judge.

The facts are stated in the opinion of the court.

Paul Schenck, and Geo. L. McKeeby, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant was found guilty under an information charging her with the crime of forgery by willfully, unlawfully, falsely, fraudulently and feloniously making, forging and counterfeiting a certain lease, a copy of which is set forth; and, at a subsequent date, of uttering, publishing and passing as true the same, with full knowledge, etc. From the judgment pronounced, and from an order denying a new trial, this appeal is taken.

Defendant offered no evidence and the verdict was based upon that given on behalf of the people. It is insisted that the evidence is insufficient either to establish the forgery in the first instance, or the subsequent utterance. We find competent evidence in the record to the effect that the signature to the lease was not that of Charnock, the purported lessor; and other evidence—by experts, it is true, but competent—to the effect that, by comparison of the signature to the lease with the admitted handwriting of defendant, employed as exemplars, the defendant attached the forged signature. The notary who made the acknowledgment testified that Charnock never acknowledged the signature and that his certificate to that effect was false, and that he attached his certificate of acknowledgment solely because defendant had stated to him that Charnock had signed the lease. The circumstance that the party who signed Charnock's name had attempted to make the signature appear as that of the lessor; in addition, that defendant represented that in fact the lessor had attached his signature, together with many other circumstances, all tend to show want of authority and were inconsistent with any other hypothesis. The evidence tends to show that defendant signed the name of the lessor, and that she had no authority so to do. There is evidence in the transcript tending to show that the lease, the subject of the forgery, was filed for record in the recorder's office at the instance and request of defendant, and that she paid the filing and recording fees. This was a sufficient uttering of the alleged forged instrument. (*People* v. *Baker,* 100 Cal. 190, [38 Am. St. Rep. 276, 34 Pac. 649].) The allegations of the information stated but a single crime. The offense charged was that defined by section 470, Penal Code. No other offense was attempted to be charged. (*People* v. *Driggs,* 12 Cal. App.

240, [108 Pac. 62], and authorities there cited.) Upon the whole record, we are of opinion that there is evidence embraced therein tending to support every material allegation of the information, and as a consequence no question of law in connection therewith is presented.

The fact that certain exemplars submitted to experts had not theretofore been established as genuine signatures is of no consequence, where, as in this case, their genuineness was subsequently established by uncontradicted testimony. (*Estate of Marchall*, 126 Cal. 96, [58 Pac. 449.].) When the court was satisfied that the exemplars offered were genuine, it was proper to submit the same to the witness or jury for comparison. (Code Civ. Proc., sec. 1944.) When so submitted and in evidence, a comparison may be made by the jury with or without the aid of experts. (*Castor* v. *Bernstein*, 2 Cal. App. 706, [84 Pac. 244].) The weight and effect of the opinion of experts, or the results of comparisons, was a matter for the jury. The admission in evidence of photographs of signatures and papers was within the discretion of the court, and no abuse in connection therewith is shown. (*People* v. *Crandall*, 125 Cal. 132, [57 Pac. 785].) After an examination of the various exhibits which are on file in this court, we feel able to say that no reasonable doubt can exist as to who wrote the signature upon the lease.

We find no error in the action of the court sustaining objections to certain questions propounded to witnesses called by the people and who testified, not as experts from comparison, but based their opinions solely upon familiarity and acquaintance with Charnock's signature. They were not examined in chief as to the exemplars; no foundation was laid qualifying these witnesses as experts, and the cross-examination testing their qualifications in that regard was not permissible.

We find nothing in the record supporting the contention that privileged communications were improperly admitted. The communications made by appellant to Ackerman, admitted in evidence, were only such as related to the matter of the acknowledgment and were made to the witness in his capacity as a notary, and we think properly admitted. The record discloses that Ackerman, the notary, admitted upon this trial that he had testified falsely upon former occasions,

and the transcript of the evidence upon such former hearing abounded with admitted false statements. He sought upon this trial to correct the same and to attempt an assignment of the reasons why he had falsely testified upon previous examinations. His credibility and the effect which should be given his testimony was a matter for the jury, and under the peculiar circumstances presented by this record, we see no error in the action of the court permitting the whole of his testimony, permeated, as it was, with admitted false statements, to be read to him that he might in such instances as he desired make the corrections; and it is a well-recognized proposition that under such circumstances an opportunity is afforded the witness to give reasons, if such he may have, why former statements were made.

The claimed error in relation to the giving and refusing of instructions is not supported by any reason why appellant thinks the action of the court in reference thereto was error prejudicial in its character, which, in *People* v. *Fossetti,* 7 Cal. App. 629, [95 Pac. 384], is said to be necessary. We have, however, examined the record in relation thereto and see no error in connection with the giving or refusing of instructions, nor any misconduct during the progress of the trial, either upon the part of the court or the district attorney, warranting a reversal.

The very voluminous record in this case is full of other exceptions taken during the progress of the trial, and some of which are presented by appellant in her points and authorities; but, aside from those heretofore noticed, we find nothing meriting extended comment, nor any error in the record which can be said to have a prejudicial tendency, the onus of establishing which upon appeal is cast upon appellant. (*People* v. *Cain,* 7 Cal. App. 168, [93 Pac. 1037].) The verdict in this case seems to us to be the only one which a rational jury could return, and the denial by the court of a new trial proper.

Judgment and order affirmed.

Shaw, J., and James, J., concurred.