### Y. L. McGee v. The State.

#### No. 994.   Decided May 17, 1911.

**1.—Forgery—Indictment.**

   Where the indictment followed the statute and the approved form for charging forgery, the same was sufficient.

**2.—Same—Continuance—Want of Diligence.**

   Where defendant's application for continuance was overruled for want of diligence, and the record showed that no process was applied for or issued in time, there was no error.

**3.—Same—Variance—Indorsement.**

   Where the charge of forgery was not predicated on the endorsement, but on the instrument itself, there was no variance in introducing the instrument itself with the endorsement thereon.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—See cases cited in opinion.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted for the forgery of a check on the First National Bank of El Paso for $50 in his favor, purporting to have been signed by R. M. Long, dated July 2, 1910; was convicted and given a term of four years in the penitentiary.

The indictment was in three counts. He was convicted under the second count. The charging part of this second count is: "And the grand jurors aforesaid upon their oaths aforesaid in said court aforesaid do further present that said Y. L. McGee in said county and State, on or about the 2d day of July, A. D. 1910, and before the presentment of this indictment did then and without lawful authority, and with intent to injure and defraud did wilfully and fraudulently make a certain false instrument in writing purporting to be the act of another, to wit: purporting to be the act of one R. M. Long, the said R. M. Long then and there being a fictitious person, which said false and forged instrument is to the tenor as follows: The alleged forged check was then copied verbatim.

The appellant made a motion to quash the indictment, "because the same is vague, indefinite and uncertain and because same does not allege any offense against the laws of this State."

The indictment follows the statute and the approved forms in such cases. The court did not err in overruling the motion to quash. Hooker v. State, 34 Texas Crim. Rep., 360.

Appellant made a motion for continuance on account of the absence of one R. M. Long. This motion was contested by the State. It is shown that the appellant was arrested and placed in jail July 21, 1910. A few days later he had an examining trial and had employed and was represented by attorneys. He was tried on October 4, 1910. No process was ever applied for or issued for the witness Long. The indictment charged that said Long was a fictitious person, and this was proved beyond doubt on the trial. The court did not err in overruling the motion for continuance.

When the alleged forged check was offered in evidence the appellant objected to its introduction, including the indorsement thereon "Y. L. McGee," on the ground that the indictment did not show or allege that said check was so indorsed on the back thereof and for that reason there was a material variance between the check set out and the one introduced in evidence. There is no complaint that there is any variance between the face of the check, as copied in the indictment, and that introduced in evidence. The only claim of variance is that the indictment said nothing about the indorsement on the back of the check, and that was introduced together with the check. It has been uniformly held by this court and is the established law that the indorsement upon an instrument charged to be a

forgery is but an intrinsic and irrelevant writing creating no variance and the evidence proving the face of the instrument alone is sufficient, unless the forgery is predicated upon such indorsement. No forgery in this case was predicated on the indorsement. Labbaite v. State, 6 Texas Crim. App., 257; May v. State, 15 Texas Crim. App., 430; Hennessy v. State, 23 Texas Crim. App., 340; Bader, alias Leifeste, v. State, 44 Texas Crim. Rep., 184. There was no error in the ruling of the court shown by this bill of exceptions.

The evidence is clear and establishes, beyond doubt, the guilt of the appellant as charged in the indictment.

The judgment is, therefore, affirmed.

*Affirmed.*