Taylor v. State.

---

LEON TAYLOR V. STATE OF NEBRASKA.

FILED JANUARY 23, 1926. No. 24947.

Forgery: EVIDENCE: QUESTION FOR JURY. Where one is charged with forging the name of the payee in a check by indorsing the name of such payee thereon, and with uttering and publishing a false and forged instrument, and ,where the maker of the check testifies he never issued the check, or authorized any one to do so, that he did not know the payee named in the check, and that the check was a false instrument, and where the testimony tends to show that the accused indorsed the name of the payee on the check, and passed the check as a genuine instrument, such facts present a question for the jury to determine whether the offense charged has been .sufficiently made out.

ERROR to the district court for Douglas county: ABRAHAM
L. SUTTON, JUDGE.  *Affirmed.*

*C. E. Walsh,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres,*
*contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON,
and EBERLY, JJ.

DAY, J.

Leon Taylor, hereinafter designated defendant, was
prosecuted in the district court for Douglas county, Ne-
braska, upon an information containing three counts.  The
first count charged the defendant with forging the name
Thomas Brown on the back of a check purporting to have
been issued by M. A. Wintroub, in which Thomas Brown
was named as payee.  The second count charged the de-
fendant with having uttered and published the above-men-
tioned check, knowing the same to be false, and with in-
tent to defraud.  The third count charged the defendant
with being an habitual criminal under the provisions of
section 10177, Comp. St. 1922.  Upon the trial defendant
was convicted on counts one and two, and acquitted on
count three, and was sentenced thereupon to serve a term
of five years in the penitentiary.  He has brought the rec-
ord of his conviction to this court for review, and urges
that the evidence is not sufficient to support the verdict
and judgment.

The evidence on behalf of the state tends to show that
on January 28, 1925, the defendant purchased a coat from
the Reliable Clothing Company of Omaha, Nebraska, for
$20; that in payment therefor he gave a check for $31.70,
dated January 27, 1925, purporting to be signed by M. A.
Wintroub and payable to the order of Thomas Brown;
that the defendant indorsed the name Thomas Brown upon
the check and received the coat and $11.70 in exchange
therefor.  The check was returned from the bank upon

which it was drawn with the memorandum attached thereto, "Forged". The check was introduced as evidence and identified as exhibit one. Across the top of the check was printed the words: "Mid-West Junk Co., M. A. Wintroub, 1835 North 20th street, Omaha, Nebr. Telephone We. 6240."

An employee of the store, who was a witness, identified the defendant as the person who indorsed the name Thomas Brown on the check and testified that the coat and change were delivered to him. M. A. Wintroub, a witness for the state, testified that he was the proprietor of the Mid-West Junk Company, that his place of business was located at 1835 North Twentieth street, Omaha, Nebraska; that his place of business was broken into, and among other things 22 blank checks were taken from his check book; that exhibit one was not issued by him, and that he never authorized any one to issue it; that he knew no such person as Thomas Brown; and that the check was a false and forged instrument.

The state also introduced the testimony that, about the same time that the alleged crime was committed, the defendant purchased merchandise in another store in Omaha, and in payment therefor gave a check in the identical form as the one in question, except as to the amount, and that the payment was refused by the bank on the ground that it was forged.

The defendant denied that he ever saw the check, or that he indorsed the check, or that he had ever had a similar check in his possession. The defendant also testified that, on the date on which the offense is charged to have been committed, he was sick at his home. In this he was corroborated by other witnesses. Under the facts disclosed by the record, we are of the opinion that it was for the jury to say whether a forgery had been committed.

Under the testimony the jury had the right to believe that the check was false and forged, and that the payee named therein was a fictitious person. The testimony was sufficient to negative the presumption of law that the defendant had authority to sign the name Thomas Brown on the check.

It is also urged that the court erred in overruling the defendant's motion to strike count three from the information. The propositions involved in the objection present the same questions as were before the court in *Taylor v. State, ante,* p. 257. Following the rule announced in that case, we hold that the trial court did not err in overruling the motion. Other questions were also urged which are sufficiently answered in *Taylor v. State, supra.*

Finding no error in the record, the judgment of the district court is

AFFIRMED.