## E. C. WHITTEN v. STATE.

No. A-8182.   Jan. 30, 1932.
(7 Pac. [2d] 693.)

C. L. Hill and Warren B. Phillips, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district

court of Seminole county on a charge of forgery in the first degree, and his punishment fixed at ten years' confinement in the state penitentiary, and he has appealed.

It is charged in the information that the defendant E. C. Whitten, "did then and there willfully, designedly, unlawfully and feloniously and with intent to defraud school district No. 23, Seminole county, Okla., a municipal corporation and subdivision of the county of Seminole, Okla., and feloniously forge, make, counterfeit, utter, pass, present and cash a false certificate and purported security, to wit: A school warrant, which said warrant purported to have been issued under authority of this state by virtue of the laws thereof, and purporting to be a good and valid warrant drawn on the funds of said school district No. 23, aforesaid, and being then and there a promise for the payment of money, by then and there writing said warrant and uttering the same as a true and genuine warrant drawn on the funds of said school district No. 23, aforesaid, but which warrant was and is false and forged in this, to wit: That said warrant on its face purports to have been issued to pay indebtedness due one H. L. Freeman for teaching performed for said school district, when in truth and in fact said school district was in no wise indebted to the said H. L. Freeman, which fact the said E. C. Whitten then and there well knew; that said warrant is a forgery in this, to wit: That the signature of the director of said school district No. 23, appearing thereon, to wit: H. R. Streater is not the true and genuine signature of the said H. R. Streater, nor authorized by him, but that said signature is false and forged, which fact the said E. C. Whitten then and there well knew, said warrant being in words and figures as follows: 'A copy of the warrant alleged to have been forged is set out in the information.' "

The testimony on behalf of the state shows that H. R. Streater was a director of school district No. 23, Seminole county; that the defendant, E. C. Whitten, was the clerk on January 9, 1930, and for some time prior thereto; that defendant's duty as secretary of the school board was to keep the books and records of the school district relative to the school district business; part of the duty of the defendant was to prepare and sign as secretary of the school board all the school warrants for the payment of the various items of indebtedness against the school district; when the warrants were prepared, they were required to be signed by H. R. Streater, director of the school board.

The testimony further shows that in January, 1930, Henry L. Freeman was employed as teacher in second district No. 23, and on January 9, 1930, a warrant was drawn payable to H. L. Freeman, for $185, purporting to be for teaching; Freeman's salary at the time was $175 per month. In the proper place for the signatures the name of H. R. Streater, a director, and the defendant, E. C. Whitten, were signed. H. R. Streater examined the warrant and stated that it was not his signature, and that he did not authorize any one to sign his name to this particular warrant.

The state called Ed Haunschild, who stated in substance he was teller of the Farmers' National Bank of Seminole; he further stated he was familiar with the signatures of the regular bank customers; that defendant had been a customer of the bank since he had been working there until about one year previous to his testifying; the signature of the warrant in question was the signature of the defendant, E. C. Whitten; that on the 9th day of January, 1930, "while working at teller window No. 2,

I cashed the warrant in question; Mr. E. C. Whitten's signature is on it; as well as I remember, Mr. Whitten presented the warrant and I cashed it; I don't swear positively that I cashed it, but it was his signature on the back of the warrant and I am familiar with his signature; the money was counted out and delivered to Mr. Whitten."

H. L. Freeman stated that on the 9th day of January 1930, he was teaching school in school district No. 23 of Seminole county; his salary was $175 per month; that he never received any of the proceeds of the money from the warrant in question; that he did not write H. L. Freeman on the back of the warrant; the H. L. Freeman indorsement on the back of the warrant is not his signature; he authorized no one to sign his name on the warrant; the first he heard of such a warrant was about the middle of April, 1930; I was in the county attorney's office at the time.

Considerable testimony was offered in behalf of the state showing that other school warrants had been issued bearing the signature of H. R. Streater and E. C. Whitten that were not based on work performed by any of the teachers. The name of E. C. Whitten on the back of the warrant in question was positively identified by the witnesses as being the signature of the defendant, E. C. Whitten. The bank teller testified he cashed the warrant and passed the money out to the defendant. No testimony was offered by the defendant.

Several errors have been assigned by the defendant as grounds for reversal. The information states facts sufficient to advise the defendant that he was charged with forging a school warrant against the funds of school district No. 23 in Seminole couty, Okla., and his demurrer was properly overruled. The testimony sustains the al-

legations and is sufficient to sustain the conviction. No explanation is made by the defendant as to why he indorsed the warrant, nor is there any explanation as to why he presented the same for payment at the bank without authority of the payee in the warrant. Without extending this opinion further, we hold that the court properly instructed the jury as to the law applicable to the facts, that the defendant was accorded a fair and impartial trial, and that there are no fundamental or prejudicial errors in the record sufficient to warrant a reversal.

The cause is affirmed.

EDWARDS and CHAPPELL, JJ., concur.