## STATE v. JONES.

No. 5382. Decided April 5, 1933. (20 P. [2d] 614.)

Robert Jones was convicted of forgery, and he appeals. REVERSED, and REMANDED, with directions.

*K. H. Malan,* of Tremonton, for appellant.

*Joseph Chez,* Attorney General, and *John D. Rice,* Deputy Attorney General, for the State.

FOLLAND, Justice.

Defendant was convicted of forgery and appeals. The information, omitting formal parts, is as follows:

"That the said Robert Jones, on or about the 6th day of June, 1932, at the County of Box Elder, State of Utah, did then and there unlawfully, feloniously, knowingly, falsely and fraudulently, and with intent to prejudice, damage and defraud Edgar Winchester, make, alter, forge, and counterfeit a certain instrument in writing in words and figures following: 'Tremonton, Utah, June 5, 1932. Tremonton Banking Company, Pay to the order of Robert Jones $15.00 Fifteen and 00/100 Dollars. (Signed) Geo. Eberhardt,' and he, the said defendant, then and there well knowing the same to be false, altered, forged, and counterfeited, did then and there to-wit: on the 6th day of June, 1932, in Box Elder County, wilfully and unlawfully, feloniously and fraudulently, and with intent to prejudice, damage and defraud said Edgar Winchester, utter, publish and pass the same as genuine and true to said Edgar Winchester; contrary to the provisions of the statute of the State aforesaid, in such case made and provided, and against the peace and dignity of the State of Utah."

The evidence shows that defendant, on June 5, 1932, went to the service station operated by Edgar Winchester at Tremonton, Utah, and asked him to cash a $15 check. Winchester asked whose check it was and defendant answered, "It sure was George Eberhardt's check." Winchester said if it was Geo. Eberhardt's check he would cash it, and gave defendant $15 and took the check. The check went to the bank and was returned with a notation that it was forgery. Geo. Eberhardt testified the signature on the check was not his signature, and that he did not sign it.

After the district attorney made his opening statement to the jury and before the introduction of any evidence, defendant moved the court for a "dismissal of that part of the complaint which charges the making in view of the statement of State's counsel" because of failure of the district attorney to indicate he would produce testimony tending to show the making or forging of the check by the defendant. The motion was denied. At the close of the state's case a motion was made for a directed verdict of not guilty on the

ground, among others, that there was no evidence to support the charge of making of a false check. The motion was denied. The court instructed the jury that there was no evidence that the defendant made or forged the check, and submitted the case to the jury on the question whether or not the defendant knowingly uttered and passed the check as genuine, knowing the same to be false and forged, for the purpose and with intent to defraud Winchester. The jury returned a verdict finding "the defendant guilty of forgery, a felony, as charged in the information herein." Refusal of the court to grant defendant's motions is assigned as error, and the verdict is assailed as being contrary to the court's instruction and as not responsive to the offense charged in the information. All these averments are answered by a consideration of the nature of the crime charged. The statute, Comp. Laws Utah 1917, § 8270, as far as here applicable, is as follows:

"Every person who, with intent to defraud another, falsely makes, alters, forges, or counterfeits any * * * check * * * or utters, publishes, passes, or attempts to pass as true or genuine any of the above-named false, altered, forged, or counterfeited matters, * * * knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person; * * * is guilty of forgery."

It will thus be seen that the crime of forgery as defined in this section may consist of the making of a false instrument, or the passing of an instrument known to be false, or both. Where several acts are enumerated alternatively in the statute, the doing of each one being prohibited under penalty, they may be charged conjunctively as one offense, when not repugnant to each other, and especially is this so when each of the acts charged is committed with respect to the same instrument. The significance of such a statute is well stated in *People* v. *Frank,* 28 Cal. 507, as follows:

"The indictment is good, whether it be regarded as containing two counts or but one. Where, in defining an offense, a statute enumerates

a series of acts, either of which separately, or all together, may constitute the offense, all such acts may be charged in a single count, for the reason that notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense. To illustrate our meaning, take the statute against forgery, under which the indictment in this case was found, where we find several acts enumerated, all of which are declared to be forgery. Thus 'the falsely making,' 'altering,' 'forging,' 'counterfeiting,' 'uttering,' 'publishing,' 'passing,' 'attempting to pass' any of the instruments or things therein mentioned, with the intent specified, is declared to be forgery. Now, each of those acts singly, or all together, if committed with reference to the same instrument, constitute but one offense. Whoever is guilty of either one of these acts is guilty of forgery; but if he is guilty of all of them, in reference to the same instrument, he is not therefore guilty of as many forgeries as there are acts, but of one forgery only. Hence an indictment which charges all the acts enumerated in the statute, with reference to the same instrument, charges but one offense, and the pleader may therefore at his option charge them all in the same count, or each in separate counts, and in either form the indictment will be good. (Wharton on Crim. Law, Sec. 390, 5th edition; *People* v. *Shotwell*, 27 Cal. 394; and *People* v. *Thompson*, 28 Cal. 214.)"

In 1 Bishop's New Criminal Procedure, p. 355, it is said:

"A statute often makes punishable the doing of one thing or another, or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction and where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them."

See, also, 12 R. C. L. 159; 26 C. J. 956; *People* v. *Driggs*, 14 Cal. App. 507, 112 P. 577; *State* v. *Rowen*, 104 Or. 1, 200 P. 901; *Selby* v. *State*, 161 Ind. 667, 69 N. E. 463.

The crime charged is one, whether sustained by proof of making or forging the check, or by knowingly uttering or

passing a forged check with intent to defraud, or by proof of both such acts, hence the verdict of guilty of forgery is responsive to the crime charged in the information. Since only one offense was charged, the information was not open to attack on grounds of duplicity or subject to a motion to strike, or to require election.

There was no material variance between allegation and proof with respect to the check alleged to have been forged where the check offered in evidence showed an indorsement on the back. "Robert Jones," while in the information such indorsement is not set forth. Under the authorities this is not a material or fatal variance where the charged false making has reference to the signature on the check and not to the indorsement on the back. 26 C. J. 951; *State* v. *Curley,* 13 Okl. Cr. 25, 161 P. 831; *Cofer* v. *State,* 107 Tex. Cr. R. 125, 295 S. W. 189; *Walker* v. *State,* 171 Ark. 375, 284 S. W. 36; *Finn* v. *State,* 127 Ark. 204, 191 S. W. 899; *McGee* v. *State,* 62 Tex. Cr. R. 358, 137 S. W. 686.

The court admitted in evidence for the purpose of comparison of handwriting an identification card bearing the signature of George Eberhardt written by him at about the same time as the alleged false check was made and passed. Defendant objected to the admission of the card that "it is immaterial to make a comparison between the signature subsequently taken to the alleged passing of the check." The objection was properly overruled. The signature was written at about the same time as the check was made and passed, before the writer knew of the alleged forgery, and he was without motive or interest at the time in the establishment of the forgery. 26 C. J. 969; 12 R. C. L. 166; *State* v. *Cottrell,* 56 Wash. 543, 106 P. 179.

Appellant contends his motion for directed verdict should have been sustained because there was a failure of proof that the check was false or forged, as it was not shown that

Eberhardt had not authorized the making and signing of the check in question, although he testified he did not sign it and that the signature was not his handwriting. The court concluded there was no evidence that the defendant made or forged the check and so instructed the jury, and submitted the case to the jury on the charge "that the defendant did knowingly utter and pass the check as genuine knowing the same to be false and forged for the purpose and with the intent to defraud Edgar Winchester." Before defendant could be convicted it was necessary for the state to prove beyond a reasonable doubt that the check he passed was a forged instrument. In cases where the signature purports to be that of a real person, and not of a fictitious party, falsity may be shown by evidence that the person whose name is signed did not make or authorize the signature. 26 C. J. 972; *Taylor* v. *State,* 114 Neb. 263, 207 N. W. 209; *Whitten* v. *State* (Okl. Cr. App.) 7 P. (2d) 693; *People* v. *McGlade,* 139 Cal. 66, 72 P. 600.

To establish falsity it must be made to appear not only that the person whose name is signed to the instrument did not sign it but also that his name was signed without authority. *People* v. *Whiteman,* 114 Cal. 338, 46 P. 99, 101; *Owens* v. *State,* 16 Ala. App. 413, 78 So. 423; *Taylor* v. *State,* 114 Neb. 257, 207 N. W. 207; *People* v. *Lundin,* 117 Cal. 124, 48 P. 1024; *People* v. *McWilliams,* 117 Cal. App. 732, 4 P. (2d) 601. In *People* v. *Whiteman,* supra, the court said:

"To prove that an accused person signed the name of another to an instrument, and that he passed such instrument as genuine, does not prove the commission of a crime. It must still be shown that it was a false instrument, and this is not proven until it is shown that the person who signed another's name did so without authority. Until this proof is made, it is not shown to be a false instrument, and the defendant is not put to his proof at all."

In *Owens* v. *State,* supra, it was said:

"The check in evidence purported to have been signed by Raymond Bradford, and was made payable to the order of Tom Jones, for $5.06. Bradford testified:

" 'I had these checks made myself; that is, just exactly like the check I used. * * * I never issued a check of that character to this man. * * * I did not issue the check.'

"This was all the evidence tending to prove the forgery. All of this may have been true, and yet no forgery have occurred. There is nothing in the evidence to show that Bradford did not authorize the signing of the check."

It is not forgery for one to write another's name with authority. 2 Bishop's Cr. Law 441, § 572. Eberhardt testified the signature was not in his handwriting, but he did not say that he had not authorized another to sign it for him. Nor is his testimony such that it can be fairly inferred therefrom that such authority was not given. His testimony follows:

"Q. The day before June 5th. I will show you what has been marked as plaintiff's exhibit 'A', and ask you whether or not you have seen that check before? A. Yes, I have seen it before.

"Q. Calling your attention to the fact that this check includes the name of Robert Jones as payee, and the name of George Eberhardt as payor, or maker, is that your signature, George Eberhardt? A. No, sir.

"Q. Now coming back to this other check, you say you did make a check to him? A. Yes, sir.

"Q. That was the night before you made this one? A. the night before this. Well, I think so. It was Saturday night. Sunday he cashed the check. I was away for two days.

"Q. Sunday he cashed your check? A. Well, the check he forged.

"Q. Well, did he cash your check that you gave him? A. He did cash my check in the drug store.

"Q. That was for how much? A. Three dollars.

"Q. But this one, what is the fact about this one, whether or not you made that, or had anything to do with making that? A. Well, that is not my writing. I think not. I could not remember that I made out a check to him, only that three dollar check.

"Q. That is not your signature, you say? A. No, sir."

The counsel for the state argue that the answer, "The check he forged," warrants the implication that Eberhardt did not authorize the making of the check. This answer was open to objection, but no objection was made to it. We

think, however, the words were used as merely descriptive for the purpose of distinguishing between the two checks under discussion. There being no evidence that the check was not authorized by the person whose name it bears, the judgment of conviction must be reversed.

The judgment of conviction is hereby reversed and set aside, and the cause remanded to the district court of Box Elder county with directions to grant a new trial.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.