[No. 20787.   In Bank. — December 30, 1891.]

# THE PEOPLE, RESPONDENT, v. FRED MITCHELL, APPELLANT.

CRIMINAL LAW — FORGERY — UTTERING FORGED CHECK — INFORMATION. — An information may properly unite the charges that the defendant feloniously forged a check with the intent to defraud, and that he uttered and passed the same with intent to defraud, knowing it to be false and forged, and evidence of both or either will sustain a verdict of guilty.

ID. — PLEADING OF FORGERY — INTENT TO DEFRAUD. — Forgery is a statutory offense, and the intent to defraud is the essential element, and must be specifically alleged in the information, to sustain a judgment of conviction of that offense. It is not sufficient to charge that the defendant did "unlawfully, feloniously, and fraudulently make and forge" the instrument specified.

ID. — UTTERING FORGED INSTRUMENT — ALLEGATION OF SCIENTER. — To sustain a conviction of uttering and passing a forged check, the information must allege that at the time when the defendant uttered and passed the check he knew the same to be false, altered, forged, or counterfeited; and the allegation that he falsely and knowingly uttered and passed, as genuine, a false and forged check cannot be construed to mean that he knew the check was false and forged at the time he uttered and passed it.

ID. — "FALSELY" MAKING AND FORGING. — It is not necessary to allege in the information, specifically, that the defendant "falsely" made and forged the instrument, though the statute uses the word "falsely." The word "forged" implies false making to the full extent, as if it were expressed.

ID. — DEFECTIVE INFORMATION — DOUBLE CHARGE — INSTRUCTION — VERDICT OF GUILTY AS CHARGED — PRESUMPTION. — Where an information contains the double charge of forgery of a check and of uttering and passing the forged check, and either of these two elements of the offense is defectively pleaded, if the court instructs the jury that they may find the defendant guilty under either branch of the charge, and the jury find the defendant guilty as charged in the information, it cannot be presumed, in support of the judgment, that the verdict was not based upon the void part of the information.

ID. — INSUFFICIENCY OF EVIDENCE — TESTIMONY OF EXPERT — COMPARISON OF HANDWRITING — FACE OF CHECK — SIGNATURE. — Where the only evidence to sustain a charge of forgery of a check is the testimony of an expert, upon comparison of the check with genuine handwriting of the defendant, that in his opinion the face of the check was written by the defendant, nothing being said specifically about the signature, and there being no evidence as to the existence of the purported drawer, or whether he did or did not authorize the signature, the evidence is insufficient to sustain a conviction.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Carroll Cook*, for Appellant.

*Attorney-General Hart*, for Respondent.

GAROUTTE, J. — This is an appeal from a judgment and order denying defendant's motion for a new trial. The charging part of the information is as follows: "That the defendant did then and there unlawfully, feloniously, and fraudulently make and forge a certain check, an instrument in writing, in the words and figures following, to wit, . . . . and having indorsed thereon the words 'Fred J. Mitchell,' did, . . . . willfully, unlawfully, falsely, fraudulently, knowingly, feloniously, and with intent to defraud, prejudice, and damage one M. J. McBride, utter, publish, and pass the said false and forged check and instrument in writing hereinbefore set forth, and said indorsement thereon, to said M. J. McBride as true and genuine."

There are various matters relied upon by appellant as error, arising during the progress of the trial, but it will only be necessary to notice a few of the more important assignments.

The information is fatally defective, and the motion in arrest of judgment should have been granted. It will be observed that the charging part of the information consists, as it were, of two branches; that is, the defendant is charged with making and forging a certain check, and with uttering and passing the same with intent to defraud. This character of pleading has been recognized and approved in the cases of *People* v. *Shotwell*, 27 Cal. 394, and *People* v. *Frank*, 28 Cal. 513, and it is there decided that under such an information, evidence of the false making of the check, or of uttering and passing the same knowing it to be forged, or evidence both of the making and uttering, will sustain a verdict of guilty.

Under the portion of the information charging the felonious making and forging of the check, there is no allegation that such acts of the defendant were done with

intent to defraud. Forgery is a statutory offense, and the intent to defraud is the essential element, and must be alleged in the information in order that the judgment of conviction upon such a charge will have sufficient support. As to the portion of the information charging the passing and uttering, it is alleged that the defendant " did willfully, unlawfully, falsely, knowingly, and feloniously, with intent to defraud, utter, pass, . . . . as true and genuine, the said false and forged check." Section 470 of the Penal Code provides that the defendant, at the time he utters and passes the instrument as genuine, must know the same to be " false, altered, forged, or counterfeited," and the allegation that he falsely and knowingly uttered and passed as genuine a false and forged check cannot be construed to mean that he knew the check was false and forged at the time he uttered and passed it. For these reasons, we think the charging part of both branches of the information is fatally defective when taken separately, and it gains no additional strength when joined together and taken as a whole.

Appellant insists that the information is also defective in alleging that " the defendant did make and forge," the statute using the words " falsely make and forge." The Century Dictionary thus defines the verb " forge ": " To fabricate by false imitation; *specifically in law*, to make a false instrument, in similitude of an instrument, by which one person could be obligated to another, for the purpose of fraud and deceit." The words " forge, forger, and forgery," when used in law, have no honest meaning, but imply fraudulent deceit; and to say that " the defendant forged a check " would imply the false making fully to the same extent as if it was said, " he falsely forged a check."

In this case the court instructed the jury that it was their duty to convict the defendant if the evidence sufficiently disclosed either a forgery of the check or an uttering and passing of the check. This instruction was entirely correct if those two elements of the charge had

been properly pleaded, but, as we have seen, neither was properly alleged, and consequently the instruction was wrong in both regards; but aside from that, the jury found the defendant guilty as charged in the information. He was charged with forging the check and uttering and passing it, and the jury was told he could be convicted of either under the law; now, even conceding that one of these elements of the offense only was fatally defective by reason of bad pleading, then the judgment must be reversed, for it is impossible to say, under the instructions of the court and the evidence introduced, but that the jury based their verdict upon the portion of the information which was absolutely void. No presumption can be indulged in to support the judgment in this respect, for the jury was told that it could find the defendant guilty under either branch of the information.

The evidence in the case is very weak. All the testimony indicating that the defendant forged the check was given by one Gumpel, an expert upon handwriting, who, by comparison with genuine writing of the defendant, testified that in his opinion the *face* of the check was written by the defendant. Conceding that the face of the check included the signature, still there is no evidence in the record to indicate but that Thompson, the purported drawer of the check, had authorized the defendant to attach his signature thereto. Indeed, there is no evidence that there is or ever was such a person in existence as the said Thompson.

For the foregoing reasons, let the judgment and order be reversed, and the cause remanded, with directions to the court below to allow a new information to be filed if the court is so advised.

PATERSON, J., HARRISON, J., and SHARPSTEIN, J., concurred.

DE HAVEN, J., concurring. — In my opinion, the information in this case is sufficient, but I concur in the judgment, upon the ground that the evidence is insufficient to sustain the verdict. The only evidence that

the check described in the information was a forgery, or that defendant knew its character when he transferred it, consisted of the testimony of one Gumpel, based upon a comparison of the check in question with certain writings proven to be in the handwriting of defendant. This witness was asked whether, in his opinion, the *face* of the check and the writings referred to were in the same handwriting. In answer to which, "the witness testified that, in his opinion, the check and examples in evidence were all written by the same person." This is not sufficient proof that the signature to the check was a forged one. Although as a matter of strict law it may be said that the face of a check includes the signature, it is not clear that the witness so understood it. Whether the signature to this check was genuine or false was a material fact in the case, and the attention of the witness should have been particularly directed to this. The record in this case leaves it in doubt whether the witness meant to say anything more than that the body of the check was in the handwriting of the defendant, but the jury should not have been compelled to guess as to his meaning, when a specific question would have made the matter clear.