[Crim. No. 2267. Second Appellate District, Division One.—January 16, 1933.]

THE PEOPLE, Respondent, v. JOE HIDALGO, Appellant.

Delamere F. McCloskey for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

HOUSER, J.—On each of six separate counts of an information filed against him defendant was convicted of the crime of forgery. From the ensuing judgment, as well as from an order by which his motion for a new trial was denied, defendant appeals to this court.

In each count of the information the instrument alleged to have been forged and "passed" was a check on Seaboard National Bank of Los Angeles, purportedly drawn by "Baker Ice Machine Company, L. Baker, H. Spencer." The only variations that distinguished any one of such checks from either of the others were its serial number, its date, the amount for which, and the person in whose favor, it was drawn. The following is a copy of one of such checks:

"Baker Ice Machine Co., Inc.

"Los Angeles Factory          No. 33292

"Los Angeles, April 14, 1932.

"Pay to the order of Antonio Gomez.............$18.54
Eighteen Dollars Fifty Four Cents only Dollars

"BAKER ICE MACHINE CO.

"L. BAKER,

"H. SPENCER.

"To Seaboard National Bank

"Los Angeles, California."

In effect, it is contended by appellant that each of the several verdicts returned by the jury was "contrary to law

. . . and to the evidence''; that is to say, that neither the verdict nor the judgment was supported by the evidence.

On the part of the prosecution it was shown that a large number of blank checks had been stolen from Baker Ice Machine Company; that defendant admitted having had such blank checks in his possession; and that in each instance a stolen blank check was made use of in uttering a so-called forged check; also that defendant "passed" each of the checks in question. As to three of such checks only, testimony was received in substance that defendant indorsed each of them; but as to the three remaining checks, no evidence was offered which tended to show that defendant had indorsed either of them. The evidence disclosed the facts that Baker Ice Machine Company was a foreign corporation; that it had a branch office in the city of Los Angeles; that one J. M. McKenzie was its local manager; and that the said corporation had a banking account with Seaboard National Bank. By reference to "signature cards" and other records of Seaboard National Bank, the assistant cashier thereof testified that the bank was "authorized" to honor Baker Ice Machine Company checks on the signature of "J. L. Baker, President; F. J. Bette, Secretary; J. M. McKenzie, Manager of the Corporation, *or any other* by said J. M. McKenzie, and there are two other signatures, Charles E. Hollingsworth, and Laurel K. Brink."

Another witness, who was "head of the bookkeeping department of the Seaboard National Bank", testified that the bank was not "authorized" to honor any checks drawn by H. Spencer or L. Baker, or "by the joint signatures of those two names"; and that the "authority" to honor checks came from J. M. McKenzie, who was the local manager of Baker Ice Machine Company. A man who called himself the "office manager" of the branch office of Baker Ice Machine Company testified that he did not know defendant; that to his knowledge defendant was not "connected" with Baker Ice Machine Company; that none of the officers of that company was in Los Angeles; that "Mr. Baker's" name is J. L. Baker, and that the signature "L. Baker" on each of the questioned checks was not the signature of J. L. Baker; that he did not know L. Baker or H. Spencer; nor was he acquainted with the person in whose favor either of the questioned checks was drawn.

Section 470 of the Penal Code is the statute under the provisions of which defendant was prosecuted. As far as concerns the particular offense which defendant was alleged to have committed, the statute requires that "with intent to defraud", defendant sign either the name of another person or the name of a fictitious person to the questioned check; or that he utter or pass such check "as true and genuine . . . knowing the same to be . . . forged . . . with intent to prejudice, damage, or defraud any person . . . "

Reverting to the evidence introduced on the trial of the action, and applying to it the statutory requirements, it will be noticed that the evidence is lacking in sufficiency to support either of the several verdicts returned therein in at least the following particulars: Other than the mere passing of the check (not shown to have been forged), there was no specific, or even general, evidence of "intent to defraud" (see *People* v. *Mitchell*, 92 Cal. 590 [28 Pac. 597, 788]; *People* v. *Ball*, 102 Cal. App. 353 [282 Pac. 971]); no evidence that defendant either signed the name of another person or persons to the check, or that either of such names was fictitious; or that, if fictitious, it was signed by defendant. By no evidence did it appear that the handwriting of either of the signatures on the check was identical with the indorsed signature of the payee thereof. Nor was any direct evidence introduced from which it might be inferred that defendant passed either of such checks "knowing the same to be *forged*". The prior theft from the corporation of the blank checks, and the subsequent admission by defendant that they had been in his possession, had no tendency to prove that a forgery had been committed either in the issuance, or in the utterance, of checks which purportedly were authorized to be drawn and issued by the corporation. The fact that defendant "passed" the checks in question merely tended to show that *if* a forgery had been committed, defendant might have been the person who committed the offense. No evidence that the check, or any checks, had been forged was placed before the jury. The most that appeared was that Baker Ice Machine Company had a banking account with Seaboard National Bank, and that *as far only as the bank was concerned,* it would honor checks drawn against said account which were signed by

certain designated individuals. ■ Neither by the minutes, nor by the records, of Baker Ice Machine Company was it shown that no other person or persons (possibly including L. Baker and H. Spencer) was or were respectively authorized by the corporation to draw checks on the said banking account. In part to the contrary, according to the records of the bank, it was "authorized" to honor a signature by "J. M. McKenzie, Manager of the Corporation, *or any other* by said J. M. McKenzie". No showing was made that J. M. McKenzie did not authorize L. Baker and H. Spencer to draw the checks which were the subject of the forgery. It is probable that even within the city of Los Angeles there are many different persons whose names would be properly represented by that of "L. Baker"; and the same situation would apply to the name "H. Spencer". Assuming that neither "L. Baker" nor "H. Spencer" was a fictitious name, it was necessary for the prosecution to show that neither of those persons was authorized to sign the check, and if authorized, that neither of them had either signed the check or authorized his name to be signed by defendant thereto. (*People* v. *Elliott*, 90 Cal. 586 [27 Pac. 433]; *People* v. *Mitchell, supra; People* v. *Whiteman*, 114 Cal. 338 [46 Pac. 99]; *People* v. *Lundin*, 117 Cal. 124 [48 Pac. 1024]; *People* v. *McWilliams*, 117 Cal. App. 732 [4 Pac. (2d) 601]; 12 Cal. Jur. 666, and authorities there cited.) No attempt was made by the prosecution so to do. In fact, neither J. M. McKenzie nor any other officer of the corporation was called as a witness. If the checks were not forged, manifestly in that regard no crime was committed.

■ By no evidence did it appear that the payee of either of the checks was a fictitious person; nor that defendant indorsed either of three of such checks; nor as to the three checks that he did indorse, that he was unauthorized by the payee thereof so to do—which latter fact was one of the essential elements of the crime to be proved by the prosecution. (*People* v. *Lundin, supra; People* v. *Mitchell, supra.*)

It follows that on each of the six counts of the information on which defendant was convicted, the evidence was insufficient to support the verdict returned by the jury.

It is ordered that the judgment and the order by which defendant's motion for a new trial was denied be and they are reversed.

Conrey, P. J., concurred.

York, J., dissented.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1933.