[Crim. No. 1521. Third Appellate District.—July 30, 1936.]

In the Matter of the Application of BAHAM KHAN for a Writ of Habeas Corpus.

Albert L. Wagner for Petitioner.

U. S. Webb, Attorney-General, Wilmer W. Morse, Deputy Attorney-General, Otis D. Babcock, District Attorney, and Richard Lawrence, Deputy District Attorney, for Respondent.

THE COURT.—By means of *habeas corpus* the petitioner seeks to procure his discharge from custody under the provisions of section 871 of the Penal Code on the ground that the preliminary examination discloses no evidence of the commission of the crime of forgery with which he was charged and that it does not appear therefrom that there is reasonable cause to believe he was guilty of forgery or any other public offense included therein.

The record shows that Chandar Singh, a Hindu, who is unable to write his name in English, was the sole owner of an account in the Bank of Rio Vista. To honor his checks the bank required him to sign his own name to them in his native script and also required the joint signature of his friend, Ishar Singh, in the English language. Ishar Singh had no interest in the account. He merely signed the checks at the request of the bank as a matter of accommodation, but his signature was necessary to constitute a valid check. There is evidence that Chandar Singh was not indebted to the petitioner in any sum. A check upon the bank for the sum of $85.92 was drawn payable to the peti-

tioner Baham Khan, and it contained the purported signatures of both Chandar Singh and Ishar Singh. This check was endorsed by Baham Khan, who presented it to Sumida, a Japanese merchant in Sacramento, who paid it upon the statement that it was "a good check" in payment of labor performed for Chandar Singh in cutting grass. When it was presented to the bank payment was refused on the ground that it was forged.

The petitioner was charged with the crime of forgery. At the preliminary hearing Chandar Singh, the owner of the bank account, was not called or sworn. Ishar Singh testified that, "I asked him [Chandar Singh] and he said 'it [the signature] is not mine'." Ishar Singh said he did not sign his own name to the check, and he did not authorize anyone to sign it for him. Sumida, the Japanese merchant, testified that the petitioner told him when he cashed the check that it was a genuine check given to him by Chandar Singh in payment for wages earned by cutting grass for him.

The petitioner was bound over for trial in the superior court on the charge of forgery. This writ of *habeas corpus* was then sought to procure his release on the ground that the record of the preliminary examination discloses no evidence of the commission of forgery or probable cause to believe that the petitioner is guilty of that or any other public offense.

Where the evidence adduced at a preliminary examination fails to show the commission of the offense with which an accused person is charged, or there is no evidence to indicate that he is guilty of that charge or any offense necessarily included therein, the magistrate is without authority to bind him over for trial in the superior court, and *habeas corpus* is the proper remedy to procure the discharge of the prisoner who, under such circumstances, is unlawfully restrained of his liberty. (*People* v. *Creeks*, 170 Cal. 368 [149 Pac. 821]; *People* v. *Serrano*, 123 Cal. App. 339 [11 Pac. (2d)) 81].)

We are of the opinion the preliminary examination contains evidence that the check was forged and also includes sufficient proof of probable cause to believe that the petitioner was guilty of the offense with which he was charged.

Section 470 of the Penal Code provides in part that:

"Every person who, with intent to defraud, signs the name of another person, or of a fictitious person, knowing that he has no authority so to do, or falsely makes . . . any . . . check; . . . or utters, publishes or passes, or attempts to pass as true and genuine, any of the above named false, altered, forged or counterfeited matters, . . . knowing the same to be false, altered, forged or counterfeited, with intent to . . . defraud any person . . . is guilty of forgery."

The circumstances indicating that the petitioner either forged at least one of the signatures necessary to constitute a valid check on the account of Chandar Singh, without the authorization of the comakers thereof, or that he fraudulently passed the check knowing that it was false and with the intention of defrauding Chandar Singh is that the check was drawn in favor of the petitioner and Chandar Singh owed him nothing. Knowing that he was not entitled to the money, it is evident that the defendant knew the check was false, that he assured Sumida, upon whom he passed it, that it was a "good check" given to him in payment of labor for cutting grass. While there is no evidence that Chandar Singh did not authorize the signing of his name, there is evidence that Ishar Singh, whose signature was necessary to constitute a valid check, was neither signed by Ishar nor authorized by him to be signed. This is sufficient evidence upon which to warrant the magistrate in holding the petitioner for trial in the superior court.

The case of *People* v. *Hidalgo*, 128 Cal. App. 703 [18 Pac. (2d) 391], upon which the petitioner relies, is not in conflict with what we have previously said to the effect that it is not necessary to show that the signatures to the check in the present procedure were both forged, and upon the contrary that proof of the forgery of either one of these signatures is sufficient to constitute the crime since both were required in order to constitute a valid check. In the Hidalgo case the court said:

"It was necessary for the prosecution to show that *neither* of those persons was authorized to sign the check, and if authorized, that neither of them had either signed the check or authorized his name to be signed by defendant thereto."

The preceding language has no application to the present proceeding. In the Hidalgo case there was no showing that either of the challenged signatures to the checks was signed without authority. In this case it affirmatively appears that at least one of the signatures necessary to constitute a valid check was not signed by the individual whose name appears thereon. It also appears that no one was authorized to sign his name for him. These cases are readily distinguishable in that regard.

The writ is denied and the petitioner is remanded.