[Crim. No. 642. Fourth Dist. Aug. 3, 1946.]

THE PEOPLE, Respondent, v. CLINT M. PEPPERS, Appellant.

Carl T. Rimbaugh for Appellant.

Robert W. Kenny, Attorney General; and Jerome B. Kavanaugh, District Attorney, for Respondent.

GRIFFIN, J.—Defendant and appellant Peppers was charged jointly with one Nellie Taylor on five counts of forgery, to which each pleaded ''not guilty.'' Defendant

Peppers had a separate trial and was also charged with a prior conviction of a felony and that he served time therefor in a state prison.

C. F. McDaniel, the witness whose name was forged to five different checks drawn on his account in a bank in San Bernardino, testified that he knew Nellie Taylor; that he left San Bernardino in 1945, went to San Luis Obispo, and remained there until September, 1945; that on his return he received his bank statement and found the five forged checks; that he gave no one authority to sign his name thereto; that Nellie Taylor, on occasions, had deposited monies in his account at his request; that he had met defendant Peppers on one occasion when he asked him to testify for his brother over an accident case.

The checks were paid by the bank and charged against McDaniel's account. They were passed on local stores. Witnesses testified that they were passed by defendant Peppers who was known to them, and he endorsed his name and address thereto. Defendant admitted the endorsements.

Nellie Taylor, who testified for the prosecution, stated that she signed McDaniel's name to the five checks involved; that Peppers wrote out the body of them and that she signed the checks "C. F. McDaniel"; that she was intoxicated at the time the five checks were signed by her; that with those checks wine and beer were purchased by Peppers and "we were all drinking up there on one continuous party"; that she had no "authority" to sign his name to checks but that there was a mutual agreement between her and McDaniel, made in San Bernardino, one time when the two of them were drinking, that she could sign his name thereto; that she did not tell Peppers that she had no authority to sign McDaniel's name; and that Peppers did not question her about them nor the signature.

Peppers testified that he did not know McDaniel; that he knew Nellie Taylor; that she had an injured hand and asked him to write out the checks for her; that she told him she had money in the bank and that she placed money in the bank in McDaniel's name and that he had given her the privilege of writing checks on the account; that he did not know at any time that the checks were forgeries; and that he made purchases of food and liquor for her with the money. He admitted on cross-examination that he had been previously convicted of a felony and served a term in prison for the offense of receiving stolen property.

Nellie Taylor forged two other checks on this same account in favor of two other individuals. Prosecution on those checks is still pending against her.

One witness, who had a similar forged check signed by Nellie Taylor, which was unhonored at the bank, testified that he met the defendant Peppers about September 15, 1945, and that in Peppers' presence he remarked that "Nell Taylor did not have any authority to sign the name C. F. McDaniel to those checks" and that he felt someone was going to get into trouble.

The checks in issue were dated September 25 and 26, 1945, and October 6 and 7, 1945, and were cashed about the dates indicated on their face. Peppers denied hearing such a conversation.

The jury convicted the defendant on all five counts. His appeal is from the judgment and order denying a new trial.

■ As we interpret the argument of counsel for defendant, his main contention is that the evidence is insufficient to support the judgment in this, that there is no evidence that Peppers knew the checks to be forged and that he intended to defraud no one, citing *People* v. *Maioli*, 135 Cal. App. 205 [26 P.2d 871], and that under the instruction given, i. e., "If the evidence is susceptible of two reasonable interpretations, one favoring guilt and the other innocence," the jury was bound to follow that interpretation which favors innocence.

A review of the evidence clearly establishes the fact that the checks were forged by Nellie Taylor. The jury had the right to believe the testimony of the witness that he remarked in defendant's presence that he did not believe that she had authority to sign McDaniel's name to checks. The evidence discloses that this conversation was had about September 15th. The checks in issue were not signed and passed until later. This should have been notice to the defendant of the lack of authority of Nellie Taylor to sign McDaniel's name. The fact that she signed some other person's name, rather than her own, to a check, would, in itself, cast considerable suspicion on the transaction to the average person, particularly where the signer was and had been under the influence of liquor for several weeks, and to defendant's own knowledge. There was ample evidence, if believed by the jury, to hold that the defendant had knowledge of the forged instruments at the time they were passed, that he intended to defraud

the recipients of the checks, and that he aided and abetted Nellie Taylor in forging and passing them.

The next complaint is that the prosecution, during the trial, referred to defendant's conviction of a felony, after he had admitted the prior conviction charged in the information, citing *People* v. *Oliver*, 7 Cal.App. 601 [95 P. 172].

We have examined the record and find no evidence of the fact that the defendant did previously admit the prior conviction. The only record before us indicates that the defendant entered a plea of not guilty to the information as read, which includes the charge of the prior conviction. The question presented under a charge of previous conviction of a felony is whether the defendant "has suffered such previous conviction." It has been held that where a defendant pleaded the general issue of "not guilty" under like circumstances as in this case, and the jury found the defendant guilty as charged but failed to find specifically upon the issue of prior conviction, the verdict is erroneous in not finding upon that special issue but should be treated as a finding against the defendant upon the crime charged and in his favor upon the question of prior conviction. (*People* v. *Eppinger*, 109 Cal. 294 [41 P. 1037].) Under these circumstances defendant cannot be heard to complain. The only reference to the prior conviction that we have been able to find is the admission of the defendant on cross-examination that he had been so convicted and served time in the state prison for the offense of receiving stolen property. This question was propounded for the purpose of impeaching his testimony and was allowable for such purpose. The record indicates that the clerk of the court read the entire information to the jury, including the charge of previous conviction, and the record recites that defendant plead "not guilty" thereto. If the defendant did admit the prior conviction at the time of his arraignment, although the record does not so indicate, that portion should not have been read to the jury by the clerk. (Pen. Code, § 1093, subd. 1.) The defendant became a witness in his own behalf. He therefore waived the privilege given him by that section, and he could be thereafter interrogated in reference thereto for the purpose of impeachment. We find no prejudicial error attributable to the claimed misconduct of the district attorney in referring to the previous conviction.

Defendant next complains of an instruction that was given to the effect that "All persons . . . who, by fraud, contrivance, or force, occasion the drunkenness of another for

the purpose of causing him to commit any crime . . . are principals.'' It is defendant's argument that there was no evidence tending to establish that defendant procured Nellie Taylor to become drunk, or that she was drunk, and that the instruction as given was prejudicially erroneous. There is considerable evidence to the effect that Nellie Taylor was drunk or had been drinking to excess over a period of several weeks and that the defendant procured liquor for her and participated with her in drinking it. There was sufficient evidence to warrant the court in giving the instruction.

 Defendant next complains because the trial court disallowed two proposed instructions on the doctrine of reasonable doubt in reference to circumstantial evidence to the effect that in order to convict the defendant on that kind of evidence, it is necessary not only that all of the circumstances concur to show that the crime charged was committed, but such circumstances must be inconsistent with any other reasonable conclusion. At the request of the People, the court did give an instruction on this subject that was proper and adequately covered the instructions offered by defendant.

We have examined the other instructions complained of but find no merit to defendant's contention. No prejudicial error appears in the record.

Judgment and order affirmed.

Barnard, P. J., concurred.