Charles A. RYNO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14793.

United States Court of Appeals Ninth Circuit.

April 10, 1956.

Lillian Stevens Stegman, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Leila F. Bulgrin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and CHAMBERS, Circuit Judges, and FOLEY, District Judge.

FOLEY, District Judge.

Appellant, Charles A. Ryno, was indicted in the United States District Court in and for the Southern District of California for violations of Title 18 U.S. C.A. § 495. The first count charged appellant with forging the endorsement and signature of the payee of a United States Treasury check for the purpose of obtaining from the United States the sum of $137.10. The second count charged him with uttering and publishing as true the false and forged endorsement described in Count I. The case was tried without a jury and defendant was found guilty as charged.

The check alleged to have been falsely endorsed and uttered was an allotment check issued under the provisions of Public Law 771, 81st Congress, Title 50 U.S.C.A. Appendix, §§ 2201–2216 and Title 37 U.S.C.A. § 231 et seq.

The specifications of error are:

1. In this case involving the crime of forgery, appellant's wife was permitted to testify against him as a witness for the prosecution, although appellant asserted his privilege that his wife not testify. The motion of appellant to strike the testimony of his wife was also overruled.

2. The Court erred in refusing to find that the allotment check involved herein was the property of appellant and subject to his control under the law of the State of Colorado, appellant's domicile, and therefore, as a matter of law, no forgery was committed.

Appellant argues that the Government had failed to establish its prima facie case, since, without the testimony of Hazel Ryno, the wife, there was no proof aliunde of extra-judicial admissions on the element of lack of authority.

In a written statement obtained from the appellant by Victor D. Carli, Assistant Special Agent, United States Secret Service, on the 12th day of December, 1954, appellant admitted that on or about February 5, 1954, he endorsed the name of his wife, Hazel R. Ryno, on the check described in the indictment and cashed the same at the Safeway Store in Victorville, California. In referring to this check which he had endorsed, he acknowledged in his written statement his error in forging and cashing the same. Special Agent Carli had explained to the appellant " * * * if he had signed his wife's name to the check he had forged the signature, if it was done without her permission." The written statement was admitted in evidence as Exhibit 22 over appellant's objection that independent proof of the corpus delicti had not been established.

The record contains evidence other than the appellant's written statement and the testimony elicited from his wife amply supporting a finding by the Court that the endorsement was made without authority of Hazel R. Ryno, the payee.

The record discloses the following:

Colonel Clark A. Miller, Chief of Allotment Division of Air Force Finance Center at Denver, Colorado, identified exhibits kept in the usual course of business of that Division. Exhibits 1 and 2 in evidence indicate the authorization of the allotment. Hazel R. Ryno, 5933 Newport Street, Denver, Colorado, was the designated allottee and allotment checks were made payable to her. There were several changes of address, the one of interest here being from 5495 Magnolia Street, Denver, Colorado, to care of Charles A. Ryno, 479th Maintenance Squadron, George Air Force Base, Victorville, California.

The Treasury check, the subject of the charge here, was mailed to the George Air Force Base at Victorville about January 30, 1954.

Sgt. Herlihy, Chief Clerk of the Base Finance Office at George Air Force Base, Victorville, testified that on October 21, 1954, at the George Air Force Base, he requested the appellant to bring his wife to the Finance Office at some later date. On October 26, 1954, appellant appeared with a woman whom he introduced to the Sergeant as his wife, Hazel R. Ryno. On this occasion the woman who had been introduced as appellant's wife made exemplars of her signature on a sheet of paper admitted in evidence as Exhibit 17.

Specimens of the appellant's handwriting obtained by Victor D. Carli were admitted in evidence as Exhibit 21.

Lawrence Whitford Sloan, an examiner of questioned documents and a qualified handwriting expert, compared the handwriting specimens of signatures, "Charles A. Ryno" and "Hazel R. Ryno" and addresses, on Exhibit 21, with the signatures, "Hazel R. Ryno" and "Charles A. Ryno" and address appearing on Government's Exhibit 3, the check here under consideration. It was his opinion that all of these writings were made by the same person, which, of course, would be appellant Charles A. Ryno. Mr. Sloan also testified that the signature "Charles Ansel Ryno," appearing on Exhibits 1 and 2, was written by the same person who wrote that signature on Exhibit 21.

Exhibit 9, produced from the records kept under the supervision of Colonel Miller, which he said was a multiple-use form which may be used for a change of address, was examined and compared with appellant's signature on Exhibit 21 and it was the opinion of Mr. Sloan that the signature "Charles A. Ryno" was written by the same person who wrote on Exhibit 21. In Exhibit 9 the allottee's name and address were given as Mrs. Hazel R. Ryno, 434 Ftr-Dy Sq., George AFB, Calif (% Charles A. Ryno). Exhibit 9 was dated May 3, 1954.

Colonel Miller produced from his records a change of address form, Exhibit 7. This affected the change of address of allottee, Hazel R. Ryno, to George Air Force Base, Victorville, California.

Mrs. Clarice Myers, a clerk in the Safeway Store at Victorville, California, during the period January to June, 1954, in the course of her duties as clerk, cashed the allotment check, Exhibit 3.

Mary Ellen Wilcox, the woman who appeared with the appellant in the office of Sgt. Herlihy, testified that she lived with the appellant Charles Ryno since shortly before he left for overseas in May of 1951. She has, since that time, lived with the appellant as husband and wife and has lived with him at Victorville, California, since February of 1954.

The above related facts and circumstances constitute independent evidence sufficient to establish the trustworthiness of the appellant's written statement and are sufficient under the rule enunciated by Mr. Justice Reed speaking for the Supreme Court of the United States in Opper v. United States, 348 U.S. 84, 92, 75 S.Ct. 158, 99 L.Ed. 101.

■ It is not reasonable to assume that Mrs. Ryno in Denver, Colorado, would cause the allotment check to be sent to her husband in Victorville, California, where he was living with another woman as his wife and that she would aid him under such circumstances to endorse the check and obtain for his own use the proceeds of the same.

■ The above related circumstances, standing alone, tend to show that he was unauthorized to make the endorsement and his written statement was properly admitted in evidence.

Evidence corroborating appellant's confession need not independently prove commission of crime charged either beyond reasonable doubt or by preponderance of proof. Davena v. United States, 9 Cir., 198 F.2d 230.

As was said in McFee v. United States, 9 Cir., 206 F.2d 872, 878, a reading of the record convinces us that not only does the independent evidence substan-

tially corroborate the admissions, which in this circuit is sufficient, Davena v. United States, supra, but, contrary to appellant's contention, goes further and establishes the corpus delicti by independent evidence.

To affirm the judgment here we need not determine whether the Court erroneously received the testimony of appellant's wife.

■ It does not appear from the record that the Trial Court based his finding on lack of authority entirely upon the testimony of the wife. The Trial Court's characterization of appellant's wife's testimony as important and damaging and going to the very heart of the case upon the question of appellant's lack of authority to sign the wife's name does not give us to understand that he would have reached a different conclusion if the wife's testimony had been excluded. It appears to us from the record here, exclusive of the wife's testimony, that the Court could reach no other conclusion than that of lack of authority and lack of authority was the sum and substance of the wife's testimony.

People v. Maioli, 135 Cal.App. 205, 26 P.2d 871, cited to the effect that to show lack of authority to sign a check, testimony of the person who had the power to give such authority is essential. While the rule there stated may have been correctly applied to the facts of that case, to accept it as covering all forgery cases would shut the door to prosecutions where the testimony of the person whose signature had been forged could not be obtained.

■ Authority or the lack of authority to act for another with respect to an instrument may be sufficiently proved by direct or circumstantial evidence. 37 C.J.S., Forgery, § 102, p. 105.

■ On the assumption that reception of the wife's testimony was error, appellant argues that permitting her to testify was extremely prejudicial. The evidence as a whole, exclusive of the wife's testimony but including his admissions, establishes his guilt beyond a reasonable doubt. The trial was by the Court without a jury and we are satisfied that the Trial Judge could, on the record, have reached no reasonable conclusion other than that of guilt.

In reviewing a judgment in an appellate court, the burden is on the plaintiff in error to show that error in the admission of testimony was prejudicial. Simpson v. United States, 9 Cir., 289 F. 188, 191. No such showing has been made here.

■ In Allred v. United States, 9 Cir., 146 F.2d 193, 196, this Court held that where defendant failed to show she had been prejudiced by a ruling refusing to permit the witness to open the lining of a coat, even assuming that such refusal constituted error, and that the error was properly assigned, it did not require reversal of the judgment.

■ There is no merit in appellant's point that appellant had right by operation of law to endorse the check in question. To hold otherwise would, in many cases, frustrate an evident purpose of Congress to provide for dependents of servicemen and protect them against possible neglect or indifference.

Judgment affirmed.