**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hood BROWN, Defendant-Appellant. No. 377, Docket 24037.**

United States Court of Appeals Second Circuit.

Argued May 18, 1956.

Decided July 31, 1956.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City (Joseph DeFranco, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Florence M. Kelley, The Legal Aid Society, New York City (Louis Hering, New York City, of counsel), for defendant-appellant.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

On April 19, 1955, Hood Brown entered a supermarket located in New York City, walked up to the store manager, and asked him to cash a check which he handed to him, along with a draft card for identification. The check, a United States obligation payable to the order of one Anthony Vidal, had previously been endorsed, but not, as it turned out, by Vidal. Brown was subsequently indicted for violating 18 U.S.C. § 495 on four counts, one for forging the endorsement, one for uttering the forged instrument, and two others which were dismissed at the commencement of trial with the consent of the government. Having waived trial by jury, Brown was tried to the district court, which found him guilty as charged and sentenced him to concurrent terms of three years on each count. From that judgment of conviction and sentence, Brown appeals.

The chief witness for the government was the supermarket manager, who testified that from the very start he had been suspicious of the appellant because of two circumstances: first, that the draft card presented by appellant for identifi-

cation had erasure marks around the name and, second, that he recognized appellant as the person who, some 7 to 14 days earlier, had negotiated to him under the name Scaglenti another check which had been returned unpaid because of forgery. Consequently, on being handed the check in question he told Brown that he would have to wait and walked to the rear of the store from where, looking back through a partition, he watched Brown "saunter out," leaving behind him both the check and the draft card. The government also produced a handwriting expert who testified that the endorsement on the check and the signature on the selective service card were not the handwriting of Vidal, that they were the handwriting of Brown, and also that when in August, 1955, Brown was asked to write the words "Anthony Vidal," he attempted to disguise his writing. A certificate evidencing the death of Anthony Vidal on May 3, 1955, completed the case for the government.

Appellant moved for acquittal, which was denied, and then rested his case without having introduced any evidence.

On appeal, counsel for appellant asserts that the government failed to prove an essential element of its case: want of authority on the part of Brown to sign the name of the payee, Anthony Vidal, citing United States v. Sonnenberg, 3 Cir., 158 F.2d 911; United States v. Ryno, D.C.S.D.Cal., 130 F.Supp. 685; cf. United States v. Prussian, 2 Cir., 42 F.2d 854, and many others. The government does not dispute this statement of the law, and the sole issue before us is, therefore, the sufficiency of the evidence to support a finding of want of authority.

██ This Circuit, as appellant himself states, has unequivocally rejected the view that circumstantial evidence is probatively inferior to direct evidence and that its sufficiency is, therefore, to be determined by a different, more stringent test, than is applied to direct proof. United States v. Becker, 2 Cir., 62 F.2d 1007; United States v. Valenti, 2 Cir.,

134 F.2d 362, certiorari denied 319 U. S. 761, 63 S.Ct. 1317, 87 L.Ed. 1712; United States v. Spagnuolo, 2 Cir., 168 F.2d 768; see Note, 55 Col.L.Rev. 549 (1955). Moreover, once the trier of fact has found for the government, the evidence must be viewed most favorably to it, which includes, where there is, as here, circumstantial evidence, the indulgence in all permissible inferences in its favor. United States v. Manton, 2 Cir., 107 F.2d 834, certiorari denied, 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012; United States v. Daisart Sportswear, Inc., 2 Cir., 169 F.2d 856, certiorari denied sub nom. Deeb v. United States, 335 U.S. 884, 69 S.Ct. 234, 93 L.Ed. 423; United States v. Valenti, supra.

Counsel for appellant contends, however, that our decisions, citing particularly United States v. Becker, supra, and United States v. Valenti, supra, have never sanctioned inferences which are not "logical and natural," but only "speculative." And, he urges, these decisions require reversal of the judgment below. The argument runs as follows: The operative fact or the fact in issue is authorization, which depends on the state of mind of the payee, Anthony Vidal. But, it is argued, the government introduced only evidence of the conduct of appellant, doubtless relevant to his state of mind, but having under no circumstances a "strong quality of relevancy" to the state of mind of Vidal, and being even weaker in this case in light of the government's unexplained failure to introduce better evidence, for example, that Vidal did not (or did) know Brown. Moreover, the argument continues, because of the peculiar circumstances of this case, any inference of guilt of the crime charged from appellant's concealment of his identity and his departure without the check or its cash equivalent on the occasion in question must be sheer speculation, since that conduct is equally referable to the Scaglenti incident.

██ The failure of the government to introduce additional witnesses who might be expected to have admissible and

relevant information is something which the trier of fact may consider in weighing the evidence. 2 Wigmore, Evidence § 285 (3d ed. 1940). An appellate court, however, may not, unless it is shown that evidence material to appellant's defense was suppressed. Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28, certiorari denied, 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428. To do so would be to exceed the proper scope of review, which, as we have already stated, is limited to ascertaining whether the government has presented substantial evidence of every element of the crime.

■■■ Nevertheless, in the case before us, it may well be that if the only evidence against appellant were his flight, the earnest advocacy of his counsel would have persuaded us that there was not a sufficient rational basis from which a jury (or judge sitting without a jury) could infer guilt of the crime charged. Cf. Kennedy v. United States, 9 Cir., 44 F.2d 131. But we think that his representation of himself as Vidal and his subsequent attempt to conceal the fact that he had signed Vidal's name are circumstances from which a jury, or in this case, the court, could rationally have inferred not only that he thought he was unauthorized to sign Vidal's name, but also that he was in fact unauthorized to sign it.

These precise facts are, of course, not duplicated in any of the numerous cases brought to our attention by the diligent efforts of counsel for appellant. See, e. g., People v. Maioli, 1933, 135 Cal.App. 205, 26 P.2d 871; State v. Allen, 1933, 53 Idaho 737, 27 P.2d 482; State v. Lovell, 1931, 132 Kan. 759, 297 P. 685; Taylor v. State (I), 1926, 114 Neb. 257, 207 N.W. 207. But even were we to admit, as may indeed be the fact, that these authorities appear to require more criminating evidence than was here presented against the appellant before a conviction will be sustained, we would have to conclude either that the standard of review of those jurisdictions is different from ours or that this is simply an instance of appellate court judges differing as to the permissible inferences to be drawn from testimony. Cf. Beaux Arts Dresses v. United States, 2 Cir., 9 F.2d 531.

The court has been greatly aided by the able efforts of counsel assigned to appellant and is glad to express its appreciation.

The judgment is affirmed.