**Louis E. McMAHAN, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 17473.**

United States Court of Appeals, Seventh Circuit.

March 3, 1970.

Rehearing Denied April 27, 1970.

---

P. Sveinbjorn Johnson, Chicago, Ill., Bernard Steinger, Clayton, Mo., Joseph Cohn, East St. Louis, Ill., for appellant.

Richard E. Eagleton, U. S. Atty., J. William Roberts, U. S. Atty., Springfield, Ill., Frank J. Violanti, U. S. Atty., for appellee.

Before DUFFY and CASTLE, Senior Circuit Judges, and KERNER, Circuit Judge.

CASTLE, Senior Circuit Judge.

In a sixteen-count indictment, the Grand Jury charged defendant with violations of the Securities Act of 1933, mail fraud, and conspiracy to commit such acts. Counts 3, 7, 8, 13, 14, and 15 were dismissed by the Government. The jury found defendant guilty on Counts 1, 11, 12, and 16, and not guilty on the remaining counts. The district court entered judgment of conviction on the verdict, sentenced defendant to four years imprisonment on Count 1, fined him $5000 on Count 11 and $1000 on Count 12, and placed defendant on probation for five years on Count 16.

The trial was lengthy and involved the testimony of numerous witnesses, including some of the sales people and investors allegedly defrauded by defendant's scheme. The four counts upon which defendant was found guilty included: Count One, charging defendant with a violation of 15 U.S.C. § 77q(a) [1] by de-

---

1. § 77q (a) provides:

(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the

frauding purchasers of stock in Southern United Life Insurance Company; Count Eleven, charging defendant with violation of 18 U.S.C. § 1341 [2] in causing to be mailed certain insurance stock certificates; Count Twelve, charging defendant with violation of 15 U.S.C. § 77e(a) [3] in causing to be mailed certain stock certificates which had not been registered with the Securities Exchange Commission; and Count Sixteen, charging defendant with violation of 18 U.S.C. § 371 [4] in conspiring with other named persons to violate the above statutes.

The record, when viewed in a light most favorable to the Government, with all reasonable inferences to be drawn therefrom, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), reveals the following facts. In 1962, defendant procured an insurance charter from the State of Arkansas for Southern United Life Insurance Company. Thereafter, defendant made certain representations to various persons, including investors and stock salesmen, that Southern United was very prosperous, when in fact the company was in very poor financial condition. When stock of the company was sold, defendant would receive the money and deliver the stock certificates either by mail or by hand. Contrary to the securities laws, the stock of the company was not registered with the Securities Exchange Commission. Also, it was not registered in the State of Illinois, where the sales organization had been set up.

On appeal, defendant first contends that the district court erred in permitting co-conspirators to testify regarding conversations in furtherance of the conspiracy which occurred outside the presence of defendant. It appears from the record that the court below received such testimony, reserving ruling on defendant's objections thereto, subject to the Government's connecting up, by independent evidence, the evidence necessary to establish the conspiracy.

---

circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2. § 1341 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

3. § 77e (a) provides:

Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

4. § 371 provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

It is well-settled that the declarations of one conspirator in furtherance of the objects of a conspiracy made to a third party are admissible against his co-conspirators. Glasser v. United States, 315 U.S. 60, 74, 62 S.Ct. 457 (1942); Logan v. United States, 144 U.S. 263, 308–309, 12 S.Ct. 617, 39 L.Ed. 429 (1892); United States v. Konovsky, 202 F.2d 721, 727 (7th Cir. 1953). Such statements are admissible subject to the conspiracy being established to the satisfaction of the trial court—thus often requiring a reserved ruling on defense objections. If a conspiracy is so established by independent evidence, the court may then overrule the objections. This Court, sitting *en banc,* has approved such a procedure. United States v. Allegretti, 340 F.2d 254, 256 (7th Cir. 1964). Thus, in the instant case, we perceive no error in the procedure followed by the district court in permitting the introduction of the testimony nor in its ultimate ruling as to the admissibility of such testimony as to the defendant.

Defendant next argues that the district court erred in admitting certain evidence concerning a cease and desist order against Columbia Investment Company, which allegedly was irrelevant to and unconnected with the offenses charged in the indictment. However, no objection was made to the introduction of this evidence at trial. Absent a showing of plain error, an assignment of error which was not raised in the court below will not be heard on appeal. United States v. Lookretis, 422 F.2d 647, 651 (7th Cir., February 5, 1970); United States v. Gulley, 404 F.2d 534, 536 (7th Cir. 1968); Rule 52(b), Fed.Rules Crim.Proc. We find that no showing of plain error in the admission of the evidence complained of has been made in the instant case.

Defendant also urges that prejudicial error was committed by the district court in admitting certain testimony concerning the Arkansas State Life Insurance Company, with which defendant was never connected. The Government argues that the error in admission of the testimony in question was harmless in light of the court's instruction to the jury to disregard it.

Although irrelevant testimony was admitted at trial, the burden is still on the appellant to demonstrate to the reviewing court that the error committed in the admission of such testimony was prejudicial. Ryno v. United States, 232 F.2d 581 (9th Cir. 1956). We are of the opinion that defendant has not met this burden in the instant case since he has not illustrated, nor does the record reveal, how the testimony in question would have prejudiced the minds of the jurors to such a degree that the explicit instruction by the district court would not have cured the error.

Defendant next contends that the district court erred in admitting into evidence certain documents which were filed with the Commissioner of the Arkansas State Insurance Department, concerning Southern United Life Insurance Company, and the testimony of the Executive Assistant Commissioner of that Department interpreting those documents. We believe that the documents themselves were clearly admissible under the "public documents" exception to the hearsay rule. 5 Wigmore on Evidence § 1630, et seq. (3d Ed. 1940). Since no objection was made to the witness' qualifications as an expert in the financial aspects of Arkansas insurance companies, his opinions concerning the documents were admissible as expert testimony. 7 Wigmore on Evidence §§ 1918, 1923 (3d Ed. 1940). The fact that the witness was not in office at the time the documents were filed is therefore irrelevant.

Defendant raises certain other issues which the Court has examined and finds the defendant's contentions with respect thereto to be without merit. Thus, we find no error in the instructions given to the jury by the district court, nor in the court's having given the indictment to the jury. Likewise, there was no er-

ror in the Government's cross-examination of the defendant.

The judgment of conviction is affirmed.

Affirmed.