(78 South. 423)

OWENS v. STATE. (8 Div. 537.)

(Court of Appeals of Alabama. April 2, 1918.)

1. FORGERY ⊚⇒44(½) — "UTTERING FORGED INSTRUMENT."

Before a defendant can be convicted of uttering a forged instrument, the state must prove beyond a reasonable doubt that there was a forged instrument, and that the defendant, knowing the instrument to be forged, with the intent to defraud, uttered it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Utter.]

2. FORGERY ⊚⇒16 — EVIDENCE—SUFFICIENCY.

Testimony of person whose named was signed to check that the check was such as he used, but that he did not issue such a check to defendant, and never issued the check involved, does not establish a forgery; since it does not show that he did not authorize the signing of the check.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Robert Owens was indicted in two counts; the first charging the forgery of a check, and the second charging the uttering of the check. Defendant was convicted under the second count, and appeals. Reversed and remanded.

Milo Moody, of Scottsboro, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. [1, 2] Before a defendant can be convicted of uttering a forged instrument, the state must prove beyond a reasonable doubt that there was a forged instrument, and that the defendant, knowing the instrument to be forged, with the intent to defraud, uttered it. The check in evidence purported to have been signed by Raymond Bradford, and was made payable to the order of Tom Jones, for $5.06. Bradford testified:

"I had these checks made myself; that is, just exactly like the check I used. * * * I never issued a check of that character to this man. * * * I did not issue the check."

This was all the evidence tending to prove the forgery. All of this may have been true, and yet no forgery have occurred. There is nothing in the evidence to show that Bradford did not authorize the signing of the check.

<hr/>

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 253.

From the facts as disclosed by the bill of exceptions, the court erred in refusing to give the general charge as requested by the defendant.

Reversed and remanded.