## STATE v. GORHAM.

No. 5480. Decided September 3, 1935. (48 P. [2d] 447.)

*E. C. Jensen, Geo. H. Lunt,* and *J. T. Pence,* all of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

CHRISTENSEN, District Judge.

The defendant, C. Gorham, was charged with the crime of forgery, the information containing two counts: First, that he forged a bank draft in the sum of $19.50; second, that he passed the said draft as genuine, knowing the same to be false and forged.

The defendant pleaded not guilty, was duly tried on the charge, and convicted on the second count.

Defendant's motions for new trial and in arrest of judgment were by the trial court denied and sentence and judgment was pronounced; from which judgment and the order denying defendant's motion for new trial defendant appeals.

While defendant has assigned ten errors upon which he relies for a reversal of the judgment, there are only two questions involved in this appeal: Insufficiency of the evidence; and that the information should have been set aside for the reason that there were not indorsed upon it all the names of the witnesses who testified at the preliminary hearing. The assignments may be considered in two groups: Nos. 1, 2, 3, 4, 5, 6, and 10 relate to the insufficiency of the evidence, and Nos. 7, 8, 9, and 10 relate to the refusal of the court to set aside the information.

When the state rested its case, the defendant moved that the action be dismissed and the defendant discharged for the reason that it does not appear that the evidence is sufficient to show the crime of forgery nor that a forged instrument was uttered or passed. The said motion was by the court denied and defendant's exception duly noted.

This point is raised in the first assignment of error that "The Court erred in denying the motion made by appellant to dismiss the action and discharge the defendant," and will be first considered herein.

The verdict of the jury found the defendant guilty of forgery by uttering and passing a bank draft, knowing the same to be false and forged.

To establish the guilt of the defendant on said count, it must be made to appear that the instrument so uttered and passed by the defendant was false and forged, ■ and, further, that the defendant knew of its falsity when he uttered it.

The evidence adduced by the state shows that on December 31, 1932, the defendant presented the draft in question at the place of business of Goodrich Silvertown, Inc., and said it was the check of Mr. Bringhurst, who was a bishop in Murray and engaged in the automobile ■ business. Defendant indorsed the draft and was paid the balance of the check after the amount of his purchase (antifreeze) had been deducted. The draft was deposited in Walker Bank and was afterward returned to Goodrich Silvertown, Inc. That no account was found in the Continental National Bank under the name of Samuel S. Bringhurst.

E. A. Smith, a handwriting expert, testified for the state that in his opinion the signature on the draft in question was the same as the handwriting, which had been stipulated as being that of the defendant.

The last witness for the state was Samuel E. Bringhurst, who testified that he was bishop of Murray First Ward, and engaged in the automobile business; that he knew the defendant since June, 1930, and had often seen him at witness' place of business since that time. With respect to the draft in question, he testified:

"I did not issue the draft. The signature at the bottom of the draft is not my signature."

Thereupon the state rested its case, and the defendant interposed the motion for dismissal, hereinbefore referred to, which motion the court denied. The defense then introduced its only witness, Percy Goddard, a handwriting expert, who testified that in his opinion the handwriting which

had been stipulated as being that of the defendant was not the same as that of the signature on the draft in issue.

It will thus be seen that there is nothing in the testimony of the witness, whose name it is claimed had been forged, to indicate that he had not authorized another to sign the said draft for him. Nor is there any evidence in the case that the said draft was not authorized by the person whose name it bears.

"Testimony of one whose name is signed to a check that he did not issue the check does not establish a forgery as it does not show that he did not authorize the signing of the check." 26 C. J. 972.

In *People* v. *Whiteman*, 114 Cal. 338, 46 P. 99, 101, the court said:

"To prove that an accused person signed the name of another to an instrument, and that he passed such instrument as genuine, does not prove the commission of a crime. It must still be shown that it was a false instrument, and this is not proven until it is shown that the person who signed another's name did so without authority. Until this proof is made, it is not shown to be a false instrument, and the defendant is not put to his proof at all."

In *Owens* v. *State*, 16 Ala. App. 413, 78 So. 423, it was said:

"The check in evidence purported to have been signed by Raymond Bradford, and was made payable to the order of Tom Jones, for $5.06. Bradford testified: '* * * I never issued a check of that character to this man. * * * I did not issue the check.' This was all the evidence tending to prove the forgery. * * * There is nothing in the evidence to show that Bradford did not authorize the signing of the check."

This court is committed to the doctrine that to establish falsity it must be shown not only that the person whose name is signed to the instrument in question did not sign it, but also that his name was signed without his authority. *State* v. *Jones*, 81 Utah 503, 20 P. (2d) 614.

It therefore follows that the judgment appealed from should be reversed and remanded.

Now as to assignment of error No. 7, that the court erred in denying the motion of appellant to set aside the information, and No. 9, that the court erred in overruling appellant's objection to witness Pearson testifying on behalf of the state. It is contended by the appellant that, since the name of L. N. Pearson, who had testified at the preliminary examination on behalf of the state, was not indorsed on the information, appellant's motion to set aside the information should have been granted and his objection to Mr. Pearson testifying at the trial sustained.

Revised Statutes of Utah 1933 105-23-1 provides that

"The information must be set aside by the court in which the defendant is arraigned * * * when the names of the witnesses testifying * * * in such [preliminary] examination are not indorsed thereon."

But it is further provided that

"Motion to set aside the information or indictment must be in writing, subscribed by the defendant or his attorney * * * and such motion must be made and filed before or with the filing of a demurrer or plea, otherwise the defendant is deemed to have waived any objection which could be raised by such motion." 105-23-3.

These two sections relate to the same subject-matter, and must be read and construed together. It was incumbent upon the defendant to make and file his motion before or with the filing of a demurrer or plea, and it is admitted that no motion was made to set aside the information at the time of arraignment and plea. The record shows that such motion was not made and filed until after the jury had been sworn, the opening statement made by counsel for the state, and the taking of testimony begun.

The defendant relies upon the statement of the court, made at the time defendant was arraigned and entered his plea of not guilty, "I want to say, if he (referring to defendant's absent counsel) wants to demur or otherwise, to the sufficiency of the information, I will reserve that right to him at this time," and contends that his motion was timely made.

We do not think so in the light of the statute and the record in this case. The trial court's ruling upon defendant's motion and objection was proper.

There are no statutory provisions that the names of witnesses other than those who testified at the preliminary hearing must be indorsed upon the information. ■ Assignment No. 8 is therefore without merit; the witness Minger not having testified at the preliminary hearing.

The judgment of conviction is reversed, and the case is remanded to the district court of Salt Lake county, with directions to grant a new trial.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.