Argued April 13; reversed and remanded April 29; petition for
rehearing May 9; modified June 1, 1949

## STATE *v.* FITZGERALD

205 P. 2d 549
206 P. 2d 808

*Charles E. Boardman,* of Bend, argued the cause and filed a brief for appellant.

*A. J. Moore,* District Attorney, of Bend, argued the cause and filed a brief for respondent.

Before Lusk, Chief Justice, and Brand, Belt, Rossman and Bailey, Justices.

BELT, J.

The defendant was convicted of the crime of having feloniously uttered a forged check. From the judgment of conviction, the defendant appeals assigning as sole error the refusal of the court to direct a verdict of acquittal. The defendant did not take the stand and testify. No witness was called on his behalf.

Defendant's contention is that the evidence does not sustain the judgment. More specifically the defendant asserts: (1) There is no evidence tending to show that he had no authority to sign the name of the purported maker of the check. (2) There is no evidence that he uttered or offered the check for payment.

The check received in evidence purports to have been drawn on January 24, 1945, by Charles E. Chamberlain on the Bend Branch of The First National Bank of Portland, Oregon, in the sum of $165.00 and was payable to the order of Denver Fitzgerald. Denver Fitzgerald is the sole endorser of the check. Max Alford of the Oregon State Police, who has charge of criminal records and who qualified as an expert, testified that in his opinion the names of the payee, the purported maker and the endorser were in the handwriting of the defendant. At the time Alford testified, authenticated signatures of Charles E. Chamberlain and of the defendant were in evidence. Kenneth E. Sawyer, manager of the bank, testified that he was acquainted with the defendant and that he saw him in the bank on or about January 24, 1945. Mr. Sawyer, in response to the question of "whether or not your bank paid out

any money on that check and to whom," answered—after inspecting the perforations on the check—that "according to our records it was cashed at the Teller's Window." No witness testified that he saw the defendant have the check in his possession or that he saw the defendant present the check for payment.

■■ We think a reasonable inference could be drawn from the evidence that the money was paid to the defendant, as he was the sole endorser of the check. Even so, that is not sufficient to establish the commission of the alleged crime.

■■ It was necessary for the State to establish beyond a reasonable doubt: (1) That the check was forged. (2) That the defendant, knowing it to be a false or spurious instrument, uttered or offered it to the bank with the intention of defrauding it. The check could not have been a forgery if the defendant was authorized to sign the name of Charles E. Chamberlain as maker thereof. Charles E. Chamberlain was not a fictitious person. He testified before the Grand Jury. Why he was not called as a witness is difficult to understand. Failure to show that the defendant had no authority to sign the check as maker is fatal. It was one of the essential elements of the crime charged. It will not do to disregard the presumption of innocence. To establish guilt the State cannot invoke the presumption that the defendant was not authorized to sign the name of Charles E. Chamberlain to the check. Indeed, the presumption is that he did so with authority. 37 C. J. S., Forgery, 91, § 80.

In *State v. Dixon*, 185 N. C. 727, 117 S. E. 170, it is said:

"If * * * the purported maker, were a real person, and actually existing, the state would be

required to show not only that the signatures in question were not genuine, but that they were made by the defendant without authority. People v. Lundin, 117 Cal. 124, 48 Pac. 1024; State v. Swan, 60 Kan. 461, 56 Pac. 750; 19 Cyc. 1411. To show that the defendant signed the name of some other person to an instrument, and that he passed such instrument as genuine, is not sufficient to establish the commission of a crime. It must still be shown that it was a false instrument, and this is not established until it is shown that the person who signed another's name did so without authority.''

To the same effect see *Owens v. State,* 16 Ala. App. 413, 78 So. 423; *Sutherlin v. State,* 136 Neb. 809, 287 N. W. 614; *Taylor v. State,* 114 Neb. 257, 207 N. W. 207; *Romans v. State,* 51 Ohio St. 528, 37 N. E. 1040; *Roberts v. State* (Tex.) 53 S. W. 864; 2 Wharton, Criminal Law (12th ed.) 1181, § 876.

The State relies on *State v. Hardin,* 137 Or. 250, 300 P. 347, 2 P. (2d) 1107, which involved the crime of forgery and wherein it was held that it was not necessary for the State to establish by direct proof the lack of authority to sign the name of a party to an instrument, as the jury is ''permitted to draw reasonable inferences from facts proven.'' We adhere to such a legal principle. 2 Wharton, Criminal Law (12th ed.) 1222, § 920. In the Hardin case there were facts from which the jury could have drawn the reasonable inference that the defendant was not authorized to sign the name of Lorenzen to the warehouse receipt. In the instant case there are no facts from which a reasonable inference could be drawn that the defendant was not authorized to sign the name of Charles E. Chamberlain to the check. It is argued by the State that since Charles E. Chamberlain appeared before the Grand Jury as a witness, we can infer therefrom that

the defendant was not authorized to sign his name to the check, as otherwise the indictment would not have been returned. It is elementary that no presumption of guilt can arise by reason of the fact that a party has been accused of a crime. The indictment is not evidence. Its sole purpose is to charge the crime and to inform the accused of the offense alleged against him. Underhill, Criminal Evidence (4th ed.) 105, § 80.

■ In view of a new trial, we think it is advisable to direct attention to another error appearing in the record—although no assignment is based thereon. As before stated, the defendant did not take the stand and thereby place his character in issue. Nevertheless, the court, over the objection of the defendant, permitted Harry Johnson, a deputy sheriff, to testify that he first met the defendant when he "arrested him at Reposse, California, at the Fullerton Penitentiary, where he had *just finished serving a sentence on a forgery charge.*" (Italics ours.) Such evidence was highly prejudicial. Defendant's motion for a mistrial ought to have been granted. We assume that such error will not be committed on retrial.

The judgment of conviction is reversed and the cause remanded for a new trial.

ON PETITION FOR REHEARING

*Charles E. Boardman,* of Bend, for the petition.

*A. J. Moore,* District Attorney, of Bend, contra.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, BAILEY and HAY, Justices.

OPINION MODIFIED.

LUSK, C. J.

■ The defendant has petitioned for a rehearing on the ground that the court erred in remanding the case for a new trial, instead of ordering that the defendant be discharged. Defendant cites as authority *State v. Willson,* 116 Or. 615, 241 P. 843, a prosecution for causing the death of an unborn child by abortion. The court held that the state had failed to prove the corpus delicti, and, in reversing a judgment of conviction, ordered the defendant discharged.

In response to a request by the court the district attorney has filed a memorandum in which he advises the court that it will be impossible for the state on another trial to supply evidence that the defendant had no authority to sign the name of Charles E. Chamberlain as maker to the check alleged to have been forged. For want of this evidence we held that the state had failed to prove the crime of feloniously uttering a forged check.

We treat the district attorney's memorandum as an acquiescence in the defendant's petition. Without passing on the question whether this court has power in any criminal case to order a new trial after determining that the defendant was entitled to a directed verdict of acquittal for failure of proof, the petition for rehearing is granted and the former opinion is modified by deleting the order for a new trial and ordering that the judgment of the Circuit Court is reversed with directions to discharge the defendant.