**Walter E. HOUGH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21433.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 13, 1968.

Decided May 24, 1968.

Petition for Rehearing En Banc
Denied July 11, 1968.

Mr. John M. Kinnaird, Washington, D. C., with whom Mr. Charles A. Moran, Jr., Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. William G. Reynolds, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Theodore Wieseman, Asst. U. S. Attys., were on the brief, for appellee. Mr. Nicholas Nunzio, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

PER CURIAM:

Appellant was convicted of passing and uttering, in connection with a purchase at a department store, a forged American Express Company money order, in violation of Title 22, D.C. Code § 1401 (1967) set forth in the margin.[1]

His first contention is that, assuming the Government proved that the signatures on the money order had not been placed there by the person whose signatures they purported to be, there was a failure of proof that this person had not authorized the signatures. State v. Gorham, 87 Utah 86, 48 P.2d 447, and State v. Phillips, 256 N.C. 445, 124 S.E. 2d 146, are cited. We think the testimony and the manner in which it was given, with defendant's acquiescence, support the inference that the signatures were not authorized.[2]

The only other contention grows out of testimony of the manager of the store. On cross-examination he was

1. This Section provides:
    Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years.

2. No question is raised as to the instructions to the jury.

asked to explain how he recalled certain details of the incident. In response he testified to a policy the store had adopted in the effort to catch people who had been stealing money orders and checks. While his explanation went somewhat beyond the range of relevance to the issues on trial we find, in light of all the evidence, that any error of the court in permitting this was harmless within the meaning of Rule 52(a), Fed.R.Crim.P.

Affirmed.